**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TRAVELODGE HOTELS, INC.** | : | **Case No. C-1-01-784** |
| **Plaintiff,** | : | |
| -vs- | : | |
| **GOPAL GOVAN** | : | |
| **Defendant,** | : | |
| -vs- | : | |
| **CINCINNATI TRAVELODGE** | : | |
| **Third-Party Defendant.** | : | |

**MOTION FOR RECONSIDERATION**

Comes now Third-Party Defendant Cincinnati Travelodge ("Travelodge"), by and through undersigned counsel, respectfully requests that this Court reconsider its Decision on Travelodge's Motion to Dismiss/Motion to Transfer Venue (the "Motion") initially filed in this proceeding.  As set forth in the attached Memorandum in Support, the underlying basis for the Court's decision to retain jurisdiction over this matter has been eliminated with this Court's decisions on certain Motions for Summary Judgment.  Therefore, the factors that favor transferring the remaining dispute to another venue outweigh those factors which favor having this Court resolve those remaining disputes.

Respectfully submitted,

STATMAN, HARRIS, SIEGEL & EYRICH, LLC


_____/s/_____
Alan J. Statman (0012045)
2900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
(513) 621-2666
(513) 631-4896 (fax)
Counsel for Cincinnati Travelodge

## MEMORANDUM IN SUPPORT

**A.   INTRODUCTION**

Prior to this Court's decisions on Motions for Summary Judgment, this action involved disputes among three parties: Plaintiff Travelodge Hotels, Inc. ("Plaintiff"), a franchisor and licensor of a motel facility with Defendant Gopal Govan ("Govan") [#1], the owner and operator of the facility. In response to Plaintiff's Complaint, Govan asserted claims in a third-party complaint against Travelodge which sold the facility to Govan. Govan also asserted counterclaims against Plaintiff.

On March 20, 2002, Travelodge filed the Motion asserting (1) that it was not a proper party to the action and, therefore, should be dismissed as a party and (2) that the Purchase and Sale Agreement between Travelodge and Govan contained a valid forum selection clause requiring that any disputes between these two parties be litigated in San Diego, California [#8]. Govan responded to the Motion and argued that Travelodge was a proper party pursuant to Rule 14(a) because, absent the alleged misrepresentations by Travelodge, Govan would never have been in a position to incur franchise fees to

Plaintiff as he would not have entered into a relationship with the Plaintiff [#12]. Govan also argued that if Travelodge was not joined as a party to the litigation, he would be unable to present a key defense in that his potential liability to Plaintiff was the direct result of Travelodge's tortious conduct. In essence, Govan claimed that if Travelodge was not joined as a party to the litigation, he would be precluded from demonstrating the critical fact of his cross-complaint which alleged that Travelodge's fraudulent conduct locked him into a contract with Plaintiff pursuant to which Plaintiff sought compensation.

On July 17, 2002, this Court issued an Order denying the Motion (the "July 17th Order") [#15]. The Court's analysis for its Order will be discussed in more detail below. However, in general, the Court appeared to conclude that a liberal construction of Rule 13(h) allowed the joinder of Travelodge as Govan's third-party claim sought damages arising out of the same transaction as Govan's counterclaim against Plaintiff and further, that Travelodge's request for a transfer of venue was not appropriate based on an analysis of several factors.

On April 14, 2003, both Plaintiff and Travelodge filed Motions for Summary Judgment regarding the claims asserted against Govan by Plaintiff and the claims asserted against Travelodge by Govan [#31 and #33]. The Court granted Plaintiff's Motion for Summary Judgment and entered judgment against Govan. The Court also entered judgment against Govan on the claims he asserted against Plaintiff. Therefore, the Plaintiff is no longer an active party to this litigation as the claims it asserted, and the claims asserted against it, have been resolved in favor of the Plaintiff. The Court, however, denied Travelodge's Motion for Summary Judgment which it had filed against Govan [#65]. The Court's Decisions on the Motions for Summary Judgment affect the

rationale which supports this Court's previous decision on Travelodge's Motion. Therefore, Travelodge hereby respectfully requests that the Court reconsider its previous July 17th Order and dismiss this action as Travelodge is not a proper party to this action under FRCP 13(h); alternatively, Travelodge requests that venue be transferred to San Diego, California pursuant to the terms of the Agreement between the remaining parties, Govan, an Arkansas resident, and Travelodge, a California general partnership.

**B.    ARGUMENT**

    1.    <u>Govan may not directly pursue his third-party claim against Cincinnati Travelodge in this Court.</u>

Govan asserted that his claims against Travelodge could be asserted in this action pursuant to Rule 14 – Third-Party Practice. This Court found in its July 17th Order that "[a]lthough Govan asserts that the Court should permit the joinder of Cincinnati Travelodge pursuant to Rule 14(a), Rule 14(a) does not authorize Govan to bring in Cincinnati Travelodge as a defendant since Cincinnati Travelodge is not a person who is or who may be liable to Govan for all or part of THI's claim against Govan." Therefore, Rule 14(a) may not be a basis for Govan's claims against Travelodge.

In addition to Rule 14, Rule 13(h) also discusses when non-parties to the original action may be made parties to that action. This Court, citing <u>Various Markets, Inc. v. The Chase Manhattan Bank</u>, 908 F. Supp. 459, 471 (E.D. Mich. 1995), stated in its July 17th Order that "[a] defendant may properly assert third-party claims pursuant to Rule 13(h) at the same time and in the same pleading in which the defendant brings a counterclaim against the plaintiff in the principal action. **\*\*\* Liberally construing Rule 13(h**), however, a joinder under this Rule is appropriate." (Emphasis added)." It appears

4

from the July 17th Order, the Court "liberally construed" Rule 13(h) because Govan's then claims against Plaintiff and Travelodge involved common questions of fact in that Govan contended that both were responsible for misleading him regarding whether an inspection of the subject property had occurred.

The Court's January 2004 ruling on the motions for summary judgment resolves the issues between Plaintiff and Govan – issues which are similar to those issues between Travelodge and Govan. The Court found that Govan could not have justifiably relied upon any action or inaction by Plaintiff, as such, Plaintiff has no liability for allegedly misleading Govan as to whether an inspection of the subject property has occurred. However, by the same ruling, the Court denied Travelodge's motion for summary judgment on similar issues.

If this Court's liberal construction of Rule 13(h) was based upon common factual issues among all of the parties, its recent decision on the motions for summary judgment has eliminated those common factual issues because Plaintiff is no longer a party to the action. Therefore, based on above, Travelodge would respectfully request that this Court reconsider its earlier decision, determine that there are no common questions of law and fact, and grant the Motion to dismiss Travelodge as a party to this action or transfer the venue of this action to California.

   2.   <u>The forum selection clause should be upheld and this action transferred to California.</u>

In the July 17th Order, the Court reviewed the <u>Kerobo v. Southwestern Clean Fuels Corp.</u>, 285 F.3d 531 (6th Cir. 2002) decision that the Sixth Circuit issued after Travelodge filed its Motion. The <u>Kerobo</u> court determined that forum selection clauses

5

do not dictate the forum and indicated that where venue is proper under the applicable federal statute governing venue, a dismissal under Fed. R. Civ. P. 12(b)(3) is not appropriate and a motion to transfer for improper venue under 28 U.S.C. 1406(a) will not lie. Id. at 536, 538.

One of the decisions cited by the Kerobo court is Security Watch, Inc. v. Sentinel Systems, Inc. 176 F.3d 369, 374-375 (6th Cir. 1999). The Court in Security Watch set forth the principle that a forum selection clause is generally enforced unless the enforcement is shown to be unfair or unreasonable. Id. It also set forth certain criteria to determine the enforceability of forum selection clauses including: (1) whether the clause was obtained by fraud, duress, abuse of economic power, or other unconscionable means, (2) whether the designated forum would be closed to the suit or would not effectively handle the suit, or (3) whether the designated forum would be so seriously inconvenient that to require the plaintiff to bring suit there would be unjust. Id. at 375.

Based upon these standards, the forum selection clause in the parties' agreement should be enforced. The clause was a negotiated term between commercial businessmen over the terms of a commercial transaction. There are no allegations that the clause was obtained by fraud, duress, abuse of economic power or other unconscionable means, rather Govan alleged that misrepresentations occurred post-signing of the Agreement. Additionally, the issues can be resolved in the courts in California and there is no allegation that those courts could not effectively handle this action. Finally, since Govan has to travel to Cincinnati from Arkansas, requiring Govan to travel to California for this action is not "so seriously inconvenient" that it would be unjust to require these issues to be resolved by a court in California.

Pursuant to the Kerobo and Security Watch decisions, this Court found that a transfer of venue was not appropriate. The Court cited several reasons for this conclusion. First, the Court stated "Govan's third-party claims against Cincinnati Travelodge based on Fuller's alleged misrepresentations are closely related to Govan's counterclaim against [Plaintiff]. To require Govan to pursue these similar claims in two different forums would severally inconvenience Govan and would frustrate judicial economy. On the other hand, allowing Govan to pursue the cross-claim in this forum will permit the disposition of all claims arising out of the motel purchase in one forum."

This rationale is now moot. The Court has granted Plaintiff summary judgment on Govan's counterclaim. Hence, Govan would not be required to pursue similar claims in two different forums. Rather, he could continue to pursue his claims against Travelodge in San Diego, California, as specified under the agreement at issue between Govan, an Arkansas resident, and Travelodge, a California general partnership. Moreover, Govan's claims against Travelodge can no longer be construed as closely related to the claims asserted against Plaintiff because Plaintiff was granted summary judgment in its favor and those claims have been resolved adversely to Govan.

Second, the Court stated "since the claims arise out of Cincinnati Travelodge's doing business in Ohio, it does not appear that Cincinnati Travelodge would be prejudiced by having to defend the claims in this forum." While Travelodge did do business in Ohio, many of the principal witnesses in this case are not located in Ohio. Govan is in Arkansas, Sue Eastman (representative of Travelodge who negotiated the sale of the motel facility) is in California and Tom Fuller, the person who allegedly made the representations, is in New York. Travelodge was a California partnership with its

7

business office and all records in California. Based on the aforementioned facts, it would seem that there is little reason to keep this case in Cincinnati, Ohio just because Travelodge once did business in this jurisdiction.

**C.    CONCLUSION**

The basis for this Court's initial decision determining that venue of this action should not be transferred to California drastically changed when this Court granted judgment in favor of the Plaintiff on the issues in dispute between Plaintiff and Govan. In doing so, this Court eliminated any common issues of fact which may have existed amongst those disputes and the issues in dispute between Govan and Travelodge. Moreover, the parties' forum selection clause should be enforced in light of the commercial nature of the transaction between the parties and the lack of any substantial prejudice to the parties in requiring that the action be litigated in California.

Therefore, based upon the foregoing arguments, citations of authority, references to the record, Cincinnati Travelodge respectfully requests that this Court reconsider its original order denying its motion to dismiss and/or transfer this action as there is no basis for jurisdiction under Rule 13(h). Alternatively, Cincinnati Travelodge requests that the Court transfer venue of this action to San Diego, California.

                                      Respectfully submitted,

                                      STATMAN, HARRIS, SIEGEL & EYRICH, LLC


                                      _____/s/_____
                                      Alan J. Statman (0012045)
                                      2900 Chemed Center
                                      255 E. Fifth Street
                                      Cincinnati, Ohio 45202
                                      (513) 621-2666
                                      (513) 631-4896 (fax)
                                      Counsel for Cincinnati Travelodge

## **CERTIFICATE OF SERVICE**

       The undersigned does hereby certify that a copy of the foregoing was served via ordinary mail on the ____ day of February 2004 upon the following:

Marc J. Kessler
Hahn Loeser & Parks
21 E. Second Street
10th Floor
Columbus, Ohio 43215-4224

Nancy A. Oliver
Rose Marie Fiore
Steven A. Goldfarb
Hahn Loeser & Parks
3300 BP Tower America Building
200 Pubic Square
Cleveland, Ohio 44114-2301

Eric A. Holzapfel
Wood & Lamping
600 Vine Street
Suite 2500
Cincinnati, Ohio 45202

                                      _____/s/_____
                                      Alan J. Statman