UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRAVEL LODGE HOTELS, INC., | CASE NO. C-1-01-784 |
| Plaintiff, | (Judge Weber) |
| v. | |
| GOPAL GOVAN, | **DEFENDANT GOVAN'S OBJECTION TO PLAINTIFF'S SUBMISSION OF EVIDENCE IN SUPPORT OF AWARD OF ATTORNEY'S FEES AND COSTS** |
| Defendant, | |
| v. | |
| CINCINNATI TRAVEL LODGE, | |
| Cross-Claim Defendant. | |

Defendant Gopal Govan ("Govan"), by and through counsel, hereby objects to Plaintiff Travelodge Hotels, Inc.'s ("THI") Submission of Evidence In Support of Award of Attorney's Fees and Costs. Plaintiff's fees are excessive and unreasonable and must, in the interest of justice and equity, be significantly reduced.

### MEMORANDUM

An award of attorney's fees must be reasonable. *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145 (1991) [consumer protection statute]; *Enyart v. Columbus Metro. Area Comm. Action Org.*, 115 Ohio App.3d 348, 358 (1996). The amount of such fees is within the sound discretion of the trial court. *Bittner*, at 146; *Enyart*, at 358. As the moving party, THI

bears the burden of demonstrating that its attorneys' hourly rate and time expended on the matter was reasonable. *Enyart,* at 358.

In the case at bar, the Court ordered Govan to pay THI's attorney's fees via the Court's order granting summary judgment in favor of THI. *See* Order on THI's Motion for Summary Judgment. But the fees claimed by THI are grossly excessive and unreasonable. THI claims approximately $70,000 in fees and costs for a case involving, primarily, only two short depositions, a motion to dismiss, and a summary judgment motion.

THI claims approximately $4,200 (over 28 hours, both staff and attorneys) for its time to set up its files and draft the complaint. See *THI's Evidence,* Exhibits 1-4. Up to about $2,164.50 (14.1 hours) of that amount was expended in researching and drafting a motion for a temporary restraining order that was never filed.[1] *Id.* Further, the claims asserted in THI's complaint stem directly from Govan's alleged breach of the franchise agreement, which presented a relatively straightforward and uncomplicated case. An expense of $4,200 to draft the complaint and motions that were not filed is unreasonable.

THI claims approximately $9,200 for time spent on its motion to dismiss Govan's counterclaim. *THI's Evidence,* Exhibits 5-6. About $5,100 was spent on THI's motion, and about $4,100 was spent reviewing Govan's opposition and preparing a reply brief. *Id.* Govan's counterclaim includes only two causes of action: one for fraud, and one for negligence. Both counts were based on the simple allegation that THI concealed the fact that an inspection of the property had taken place. An expense of $9,200 on a motion to dismiss these claims is very extraordinary and unreasonable.

---

[1] Some of THI's billing entries include time on both the complaint and TRO; it is impossible to separate out the time spent on each respective document.

THI claims about $8,200 for time expended on the 10-hour deposition of Gopal Govan.[2] *THI's Evidence*, Exhibit 8. About $4,200 (and 25.5 hours) was spent preparing for the deposition, $1,900 to "prepare for and attend" the deposition, and over $700 to prepare and read a deposition summary. *Id.* The $8,200 also includes about $1,200 for counsel's travel time to and from the deposition in Cincinnati. On top of the unreasonable time and expenses for these tasks, Govan should not have to be penalized for THI's choice to file suit in Cincinnati and hire attorneys from Cleveland.

Furthermore, THI claims $1,831.05 for photocopying costs in its April 29, 2003 invoice (not included in the $8,200 figure above). *THI's Evidence*, Exhibit 8. This cost is extraordinary. Govan presumes that most of these costs were incurred in photocopying the transcripts from Govan's deposition, but it is unclear from THI's bills. At $1,800 and $.10 a page, it would mean that 18,000 copies were made. At $.25 a page (an unreasonable cost itself) there must have been 7,200 copies. While there were a number of documents attached as exhibits to Govan's deposition transcript, Govan cannot comprehend how THI could have incurred such extraordinary photocopying costs. THI's costs are unreasonable. At the very least, THI should demonstrate how these costs were incurred and why Govan should be responsible for reimbursement.

THI's counsel spent another $1,648 in travel costs on April 25, 2002 for 10.30 hours travelling to Cincinnati from Cleveland for the preliminary trial conference. *THI's Evidence*, Exhibit 6. Again, THI chose the venue and to hire attorneys in Cleveland. Govan should not be penalized for that choice.

---

[2] Mr. Govan's deposition went from approximately 9:00a.m. to 4:00p.m. on January 29, 2003, and from approximately 9:10a.m. to 12:20p.m. on January 30, 2003. *See* Deposition Transcripts.

For a task that comprises about one-third of THI's total billings, THI claims almost $23,000 in fees for counsel's work on its Motion for Summary Judgment. These charges are unconscionable. Of this amount, almost $11,500 was expended drafting the initial motion, $1,200 was spent reviewing Govan's opposition to the motion, and over $10,000 more was spent on drafting a reply brief. *THI's Evidence*, Exhibits 8-10.

THI claims that "much of the fees incurred by THI in this matter were necessitated by the claims wrongfully asserted by Govan against THI." *THI's Evidence*, Affidavit of Steven A. Goldfarb, ¶4. As discussed above, Govan's counterclaim included only two causes of action against THI (one for fraud, one for negligence), both of which were based on the simple allegation that THI concealed the fact that an inspection of the property had taken place. These are not complicated or unusual claims requiring significant time or specialized knowledge or skill. Furthermore, while THI succeeded in its summary judgment motion against Govan on these counterclaims, they were not "wrongfully asserted." There were legitimate and reasonable claims. The only "unreasonable" claim here is THI's claim for $23,000 in attorneys fees spent on its summary judgment motion.

In addition to the extraordinary fees and costs mentioned above, there are a handful of smaller but, collectively, unreasonable costs and fees requested by THI. For instance, THI claims $822.70 to have two attorneys defend the one hour and thirteen minute deposition of Shane Blankenship. *THI's Evidence*, Exhibit 8. THI has charged $389.20 for time spent transferring files between two associates. *THI's Evidence*, Exhibit 9. THI claims $1,373.20 to review and draft motions to substitute counsel and for pro hoc vice. *THI's Evidence*, Exhibit 10. THI expended over $2,400 in fees to draft an opposition and motion for sur-reply to Govan's motion for a jury trial. *THI's Evidence*, Exhibit 10. THI spent almost $1,400 in fees responding to the

Court's order by commenting on Govan's findings of fact in his motion for summary judgment. *THI's Evidence*, Exhibit 12-13. All of these charges are unnecessary, excessive, and unreasonable. In the interests of equity and fairness, Govan should not have to pay THI for these fees.

## CONCLUSION

THI's attorney's fees and costs are grossly excessive and unreasonable. Govan should be not held to pay for THI's wasteful and unnecessary expenses. Govan respectfully requests that THI's fees be significantly reduced and cut out entirely where appropriate.

OF COUNSEL:                                       Respectfully Submitted

WOOD & LAMPING LLP                                s/Eric C. Holzapfel
                                                  Eric C. Holzapfel (0012279)
                                                  600 Vine St. Suite 2500
                                                  Cincinnati, Ohio 45202
                                                  Telephone: (513) 852-6000
                                                  Trial Attorneys for Defendant
                                                  Gopal Govan

## CERTIFICATE OF SERVICE

I hereby certify that a cop of the foregoing Defendant Govan's Objection To Plaintiff's Submission Of Evidence In Support Of Award Of Attorney's Fees and Costs has been filed with the Court by electronic means this 17th day of March 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  s/Eric C. Holzapfel
                                                  Eric C. Holzapfel
                                                  Trial Attorney for Defendant
                                                  Gopal Govan

201800.1