UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELODGE HOTELS, INC., | ) | CASE NO. C-1-01 784 |
| | ) | |
| Plaintiff, | ) | JUDGE WEBER |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S MOTION TO COMPEL** |
| GOPAL GOVAN, | ) | **PRODUCTION OF DOCUMENTS, OR, IN** |
| | ) | **THE ALTERNATIVE, TO STRIKE** |
| Defendant/Third-Party | ) | **GOVAN'S OBJECTION TO PLAINTIFF'S** |
| Plaintiff, | ) | **SUBMISSION OF EVIDENCE IN** |
| v. | ) | **SUPPORT OF AWARD OF ATTORNEYS'** |
| CINCINNATI TRAVELODGE, | ) | **FEES AND COSTS** |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff Travelodge Hotels, Inc. ("THI") respectfully moves the Court for an Order to compel the production of the internal billing records and/or invoices detailing the amount of legal fees and costs billed by Govan's counsel related to this matter. These documents were requested by THI pursuant to a Subpoena which was served upon Govan's counsel on March 17, 2004 (A copy of the Subpoena is attached hereto as Exhibit A). THI requested the documents sought by the

CLE - 833720.1

Subpoena to obtain evidence in support of its award of attorneys' fees, because the information in the requested documents might tend to refute the arguments (or testimony) of Govan's counsel claiming that certain time expended by THI's counsel for certain tasks in this litigation were unreasonable.

On March 23, 2004, Govan's counsel responded to the Subpoena with a letter to THI's counsel claiming that the requested documents were not "pertinent" and indicating that they would not be produced. (A copy of the March 23, 2004 Letter from Eric Holszapfel to Steven Goldfarb is attached hereto as Exhibit B). THI's counsel responded to Govan's counsel's letter on the same date, demonstrating that the objections therein were without merit and notifying Govan's counsel that this motion would be filed if he did not agree to produce the requested documents. (A copy of the March 23, 2004 Letter from Steven Goldfarb to Eric Holszapfel is attached hereto as Exhibit C). Because Govan's counsel continues to refuse to produce the requested documents, THI seeks an Order compelling their production. Alternatively, THI requests that the Court strike Defendant Govan's Objection to Plaintiff's Submission of Evidence in Support of Award of Attorneys Fees and Costs ("Govan's Objection").

## I.    RELEVANT PROCEDURAL BACKGROUND

Consistent with this Court's January 8, 2004 Order (ECF #65), THI submitted evidence in support of the Court's award of attorneys' fees and costs in the total amount of $69,808.57 (ECF #67). Govan objected to the amount of fees and costs submitted by THI, based on the opinion of Govan's counsel that such amount is "excessive and unreasonable." Govan's Objection, p. 1 (ECF #68).[1] Govan objects to the amount of hours spent on what his counsel now claims was a "relatively straightforward and uncomplicated case." *Id.*, p. 2. In particular,

---

[1] By agreement of the parties, and pursuant to the Order of this Court, THI's Reply to Govan's Objection is due on April 5, 2004 (ECF #70).

Govan's counsel claims that "THI's complaint stem[med] directly from Govan's alleged breach of the franchise agreement" and that the counterclaim was "based on the simple allegation that THI concealed the fact that an inspection of the property had taken place." *Id.*, p. 4.

This opinion is a far cry from Govan's earlier representation to the Court that this case did "*not* involve, as [THI] has suggested, the 'straight-forward' examination of a license agreement, and the alleged breach thereof." *See* Response of Defendant Gopal Govan to the Motion of Plaintiff Travelodge Hotels, Inc.'s Motion for Summary Judgment, p. 1 (ECF #36) (emphasis added). Indeed, at that time, in an attempt to salvage Govan's counterclaim, Govan argued that "[t]he circumstances under which [Govan] became obligated under the terms of the License Agreement clearly reflect the reality that the *roots of this case extend far deeper* than THI has suggested." *Id.* (emphasis added).

In order to test the credibility of this opinion, and to further demonstrate that the issues in this case caused not only THI – but possibly Govan as well – to incur significant attorneys' fees and costs, Govan's counsel should be required to produce invoices and bills relating to the representation of Govan in this matter.

## II. THE REQUESTED DOCUMENTS ARE RELEVANT AND SHOULD BE PRODUCED.

It is well settled that when awarding reasonable attorneys' fees, the trial court "should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in D.R. 2-106(B)" of the Code of Professional Responsibility. *Bittner v. Tri-County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 145.

in support of the award of attorneys' fees and costs. Accordingly, the Court should strike Govan's Objection in its entirety and award THI the full amount of its attorneys' fees and costs.

Respectfully submitted,

/s/ Steven A. Goldfarb
Steven A. Goldfarb (0030186)
sagoldfarb@hahnlaw.com
Nancy A. Oliver (0071142)
naoliver@hahnlaw.com

3300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2301
(216) 274-2347

Attorneys for Plaintiff Travelodge Hotels, Inc.

OF COUNSEL:

HAHN LOESER & PARKS LLP

CLE - 833720.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March 2004, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven A. Goldfarb
One of the Attorneys for Plaintiff

CLE - 833720.1