UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELODGE HOTELS, INC., | : | CASE NO. C-1-01-784 |
| Plaintiff, | : | (Judge Weber) |
| v. | : | |
| GOPAL GOVAN, | : | **DEFENDANT GOVAN'S OPPOSITION TO CINCINNATI TRAVELODGE'S MOTION FOR RECONSIDERATION** |
| Defendant, | : | |
| v. | : | |
| CINCINNATI TRAVELODGE, | : | |
| Cross-Claim Defendant. | : | |

Defendant Gopal Govan ("Govan"), hereby submits this memorandum in Opposition to Cincinnati Travelodge's ("Travelodge") Motion for Reconsideration. Travelodge's motion seeks to overturn this Court's previous denial of a similar motion in its Decision on Travelodge's Motion to Dismiss/Motion to Transfer Venue ("Order"). Govan respectfully requests that the Court deny the present Motion and uphold its prior ruling.

**MEMORANDUM IN OPPOSITION**

**I.   ARGUMENT**

On July 17, 2002, this Court issued an order denying Travelodge's motion to dismiss the suit or transfer venue from Ohio to San Diego, California. A true and correct copy of that order is attached hereto as Exhibit A. Travelodge now argues that because Plaintiff THI (Travelodge

Hotels, Inc.) is no longer an active party in this case, the underlying basis for the Court's decision has changed.

The test generally applied upon the filing of a motion for reconsideration is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *Woerner v. Mentor Exempted Village School Dist. Bd. of Ed.*, 84 Ohio App.3d 844, 846 (1993). Because this motion does not pertain to an obvious error or raise new issues that were not previously considered by the Court, Travelodge's motion should be denied.

### A.  This Court Has Jurisdiction Over Travelodge in Ohio

Nothing has changed between Govan and Travelodge since summary judgement was entered in Plaintiff THI's favor. Although THI is essentially out of the case, the same causes of action are alleged by and between Govan and Travelodge as they have been since the parties cross-claim and answer were filed. There are no new claims asserted by either party.

It is true that Travelodge is not a proper defendant to the primary action between THI and Govan because Travelodge is not liable for all or part of THI's claim against Govan. Nevertheless, this Court has properly maintained jurisdiction over Travelodge in Ohio, and venue has been proper in Ohio, throughout this litigation because Govan's claims against Travelodge relied on many of the same facts and circumstances as the primary litigation between THI and Govan. The fact that THI is now out of the case does not make jurisdiction or venue in Ohio as to Travelodge improper. Travelodge has participated in the litigation in Ohio up this point without claiming inconvenience or hardship. There is no reason why Travelodge can't continue to litigate in Ohio.

Further, Travelodge is a proper defendant in Ohio as to Govan's claims against Travelodge directly. The property in question is located in Cincinnati, Ohio. The property was previously owned by Travelodge and sold to Govan in Cincinnati, Ohio. The purchase contract between Travelodge and Govan was specifically conditioned on Govan's franchise agreement with THI, and that agreement was governed by the laws of Ohio. By its ownership and operation of the hotel property, Travelodge subjected itself to venue in Ohio by doing business here, and Travelodge will not be prejudiced by continuing to defend Govan's claims in Ohio. Further, the alleged tortious conduct (e.g., misrepresentation) occurred in Cincinnati, Ohio and many of the witnesses are in Ohio.

Moreover, it would be an inconvenience and a hardship to Govan to move the case to San Diego. Govan's attorneys in Ohio are already familiar with his case, and Govan does not want to have to incur the time and expense of locating new attorneys in California who will require additional time to get up to speed in the litigation. Further, this Court already has knowledge of the case and the parties and facts involved herein. It would be inefficient to transfer the case to a new court. Transferring this case at this late point in time could also lead to inconsistent rulings.

### B.    The Forum Selection Clause Does Not Warrant Transferring Venue

In its Order, this Court already denied Travelodge's request to transfer venue to San Diego based on the forum selection clause. No facts or circumstances have changed to warrant reconsideration of that decision.

Govan's litigation with THI was but one factor that this Court considered in ruling against Travelodge's prior motion. In the Order, this Court cited the *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 (6th Cir. 2002), case and nine factors the *Kerobo* court relied upon to consider whether a forum selection clause in a contract warrants transferring venue to

that forum. See *Order*, at p. 14. This Court also cited the five factors considered in the *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369 (6th Cir. 1999) case, which overlap with the *Kerobo* factors. Pursuant to the facts discussed above, these factors weigh in favor of keeping venue in Ohio.

As in its first motion, Travelodge does not argue that venue is improper in Ohio under the federal venue statute, making dismissal of the cross-claims inappropriate. Further, reasonableness, convenience, and judicial economy make transfer of venue improper. While the litigation against THI is not ongoing (save for pleadings and a possible hearing on a pending request for attorneys fees), transferring the remaining portion of the case would still require Govan to pursue its claims in two different jurisdictions, albeit not simultaneously. Because the claims against Travelodge involve the same facts and circumstances as the case involving THI, this Court and Govan's Ohio attorneys are better able to manage the case in Ohio. Travelodge has also retained Ohio attorneys.

## II.   CONCLUSION

Travelodge's Motion for Reconsideration should be denied. This Court already has jurisdiction over Travelodge and Travelodge has been actively defending the claims against it in the present venue. The fact that Plaintiff THI is out of the case does not make jurisdiction over Travelodge or venue in Ohio improper.

Furthermore, it would be extremely inconvenient go Defendant Govan to have the case transferred to San Diego. Govan would have to retain new counsel that is unfamiliar with the facts of the case. Further, venue in Ohio is proper against Travelodge because the facts giving

rise to the claims against it arose in Ohio. Additionally, Travelodge subjected itself to being sued in Ohio because it conducted business here, including the sale the subject property to Govan.

OF COUNSEL:                                                Respectfully Submitted

WOOD & LAMPING LLP                         /s/ Eric c. Holzapfel
                                                           Eric C. Holzapfel (0012279)
                                                           600 Vine St. Suite 2500
                                                           Cincinnati, Ohio 45202
                                                           Telephone: (513) 852-6000
                                                           Trial Attorneys for Defendant
                                                           Gopal Govan

203008.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Agreed Entry Permitting Defendant Govan Extension of Time to File Opposition to Motion for Reconsideration has been filed with the Court by electronic means this 19th day of March 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/Eric C. Holzapfel
                                              Eric C. Holzapfel
                                              Trial Attorney for Defendant
                                              Gopal Govan