UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELODGE HOTELS, INC., | : | CASE NO. C-1-01-784 |
| Plaintiff, | : | (Judge Weber) |
| v. | : | |
| GOPAL GOVAN, | : | **DEFENDANT GOVAN'S OPPOSITION TO TRAVELODGE HOTELS, INC.'S** |
| Defendant, | : | **MOTION TO COMPEL** |
| v. | : | |
| CINCINNATI TRAVELODGE, | : | |
| Cross-Claim Defendant. | : | |

Defendant Gopal Govan ("Govan"), hereby submits this memorandum in Opposition to Plaintiff Travelodge Hotels, Inc.'s ("THI") Motion to Compel Production of Documents, Or, In the Alternative, To Strike Govan's Objection to Plaintiff's Submission of Evidence in Support of Award of Attorney's Fees and Costs ("Motion").

THI's motion is without merit and should be denied. THI's motion to compel fails to demonstrate a rational reason for demanding production of Govan's attorneys' billing records to somehow support THI's request for attorney's fees.

Further, even if the Court determines that Govan's counsel's fees are relevant, said fees support Govan's argument that THI's counsel's fees are excessive and unreasonable. Because THI's motion is without merit, Govan respectfully requests reimbursement of his own attorney's fees expended in defending the motion.

## MEMORANDUM IN OPPOSITION

### I. THI'S MOTION IS WITHOUT MERIT AND MUST BE DENIED

#### A. Motion to Compel Should Be Denied

Pursuant to THI's request for attorney's fees, the only issue before the Court is whether THI's attorney's fees are reasonable. For some reason, THI has subpoenaed the billing records of Govan's counsel in support of THI's request. But Govan's counsel's fees are completely irrelevant to the Court's determination of the reasonableness of THI's attorney's fees.

An attorney's fee award is computed according to the "lodestar" method, whereby the court calculates the number of hours "reasonably expended" on the case by the counsel requesting the award, then multiplies that number by a reasonable hourly rate. *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St. 3d 143 (1991); *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002).

After calculating the lodestar figure, the Court should consider additional factors to determine whether the figure should be adjusted up or down. These factors include: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; (8) Whether the fee is fixed or contingent. *See, e.g., Village of Gates Mills v. Jones*, 95 Ohio App.3d 341, 347 (1994) [the court is guided by the factors set forth in DR 2-106(B) of the Ohio Code of Professional

Responsibility]; e.g., *Paschal, supra,* 297 F.3d at 434-35 [citing 12 overlapping factors pursuant to *Blanchard v. Bergeron*, 489 U.S. 87, 91, 109 S.Ct. 939].

Govan fails to see how the billing records for his attorneys have any bearing whatsoever on a fee award for the time and money expended by THI's attorneys. Govan's attorney's fees are not an appropriate consideration for the Court in determining the lodestar figure, nor are they related to any of the eight factors set forth above.

Furthermore, Govan's opposition to THI's request for fees does not put Govan's attorney's fees at issue. THI argues that Govan's counsel "put his personal opinion in issue that THI's counsel's billings in this matter are excessive" merely by opposing THI's request for attorney's fees. *Motion to Compel*, at p.4. This argument is ludicrous. While Govan's counsel may have the personal opinion that THI's fees are grossly excessive, Govan's opposition to THI's fees is based on a legal argument that the fees are not reasonable.

Additionally, Govan's counsel's fees have no relevance to the amount of time or money expended by Govan's attorneys. This is particularly true in this case where Govan was litigating claims against and by two separate parties (Plaintiff THI and cross-claim defendant Cincinnati Travelodge), whereas THI was only litigating claims against Govan.

### B. Motion to Strike Govan's Objection Should Be Denied

The only evidence Govan needs to submit in opposition to THI's request for attorney's fees is the evidence submitted by THI's counsel – their own billing records. THI erroneously argues that Govan has failed to provide any evidence of the unreasonableness of THI's fees because Govan did not furnish his own attorney's billing records. One does not have anything to do with the other. There is no information contained in Govan's attorney's billing records that is going to assist the Court in its determination as to whether THI's fees are reasonable.

Therefore, the Court should deny THI's Motion to Strike Govan's objections to THI's request for attorney's fees.

## II. GOVAN'S ATTORNEY'S FEES HELP DEMONSTRATE THAT THI'S FEES ARE UNREASONABLE AND EXCESSIVE

Even if the Court determines that Govan's fees are relevant to whether THI's fees are reasonable, a review of Govan's counsel's billing records demonstrates that THI's fees are excessive. Without waiving Govan's objections to the production of the records based on relevance, a copy of Govan's attorney's records are attached to the Affidavit of Eric C. Holzapfel, filed herewith.

The records show that much of Govan's attorney's work was performed litigating against both THI and cross-claim defendant Cincinnati Travelodge. THI, meanwhile, litigated only against Govan in this case. Nevertheless, as of the time THI subpoenaed Govan's attorney's records, Govan's fees totaled approximately $40,000 while THI's fees approached $70,000.

Govan's objections to THI's fees are focused mostly on the unreasonable number of hours expended by THI's counsel.[1] Some of the more major expenses are summarized below.[2]

1. <u>Motion for Summary Judgment</u>: THI expended almost $23,000 in preparing its Motion for Summary Judgment, including its reply brief. Govan, on the other hand, incurred only about $7,000 in fees to defend two simultaneous Motions for Summary Judgment, the one filed by THI as well as one filed by Cincinnati Travelodge. (About $3,000 was incurred in

---

[1] Govan did not object in its opposition to THI's request for attorney's fees as to the hourly rate charged by THI's attorney's. While THI's counsel increased its rates throughout the litigation, most of counsel's work was performed under the lower to middle range of fees. Counsel's highest rates were charged closer to the end of the litigation when the hours expended on the case had lessened. As long as the Court utilizes a rate towards the lower or middle end in any lodestar calculation, Govan does not object to counsel's hourly rate.

defending THI's Motion, about $2,000 for Cincinnati Travelodge's Motion, and about $2,000 where the billing entries indicated work performed on both motions).

2. <u>Motion to Dismiss</u>: THI expended over $9,000 in fees on its Motion to Dismiss Govan's counterclaims against THI, including over $4,000 on THI's reply brief. On the other hand, Govan expended only about $3,000 defending two motions to dismiss, including the one filed by THI and one by Cincinnati Travelodge. (About $1,600 was spent defending THI's motion, about $900 on Cincinnati Travelodge's motion, and about $360.00 where the billing entries indicated work performed on both motions).

3. <u>Complaint</u>: THI incurred approximately $4,200 in fees in drafting the summons and complaint against Govan and setting up their files. Govan, meanwhile, expended only about $3,700 in researching and drafting its answer to THI's complaint, as well as counterclaims against THI, and cross-claims against third-party defendant Cincinnati Travelodge.

4. <u>Written Discovery</u>: THI expended approximately $3,600 in preparing written discovery served on Govan and in responding to Govan's discovery propounded on THI. In contrast, Govan expended only about $2,250 in responding the THI's discovery, propounding discovery on THI, responding to discovery initiated by Cincinnati Travelodge, and in propounding discovery on Cincinnati Travelodge. These figures do not include approximately $1,000 incurred by Govan's attorneys in efforts to obtain supplemental discovery responses from THI because its initial responses were believed to be inadequate.

5. <u>Govan's Deposition</u>: THI incurred approximately $7,000 in fees to prepare for and attend Gopal Govan's deposition. Including an additional $1,500 requested by THI's counsel for their time to travel from Cleveland to Cincinnati for the deposition and for hotel and meals, their

---

[2] The figures cited herein were calculated by Govan's counsel upon review of their own billing records and THI's

total for the 10-hour deposition is about $9,500. Govan's counsel expended only about $3,000 on the deposition, including about $1,400 for attending the deposition itself.

Deducting the time for the actual deposition (average about $1,500), THI's attorneys expended about $5,500 preparing for the deposition against $1,500 for Govan's counsel. Govan admits that it takes more time to prepare for taking a deposition versus the time needed to defend a deposition, but not almost four times. An expense of $5,500 is unreasonable to prepare for a relatively short deposition, not to mention a total cost of about $9,500.

6. <u>Motion for Jury Trial</u>: On Govan's motion for a jury trial, THI spend over twice as much as Govan. THI expended approximately $2,400 on the motion and in its request to file a sur-reply, while Govan expended only about $1,100.

As discussed above and in Govan's objections to THI's request for attorney's fees, Govan has only brought attention to the most obvious and excessive of THI's billings. Some of the items are relatively small, but many of the items are very large and significant. What is clear from THI's billing records is that THI's counsel spent an excessive number of hours on many of the tasks in this litigation. The excessiveness is amplified in comparison to the fees incurred by Govan's counsel.

### III.  **CONCLUSION**

Govan respectfully requests that the Court deny THI's Motion to Compel and/or Strike. The billing records of Govan's counsel are irrelevant to the Court's determination of the reasonableness of THI's fees. Govan requests reimbursement for its fees and costs in defending THI's fruitless motion.

---

records attached to its request for attorney's fees. See Affidavit of Eric Holzapfel filed herewith.

However, if the Court determines that Govan's attorney's fees are relevant, a review of such records supports Govan's argument that THI's fees are excessive and unreasonable. THI's fees are nearly twice Govan's, and Govan was litigating against two opponents, not just one as did THI. As such, THI's fee award should be reduced accordingly.

OF COUNSEL:

WOOD & LAMPING LLP

Respectfully Submitted

/s/ Eric c. Holzapfel
Eric C. Holzapfel (0012279)
600 Vine St. Suite 2500
Cincinnati, Ohio 45202
Telephone: (513) 852-6000
Trial Attorneys for Defendant
Gopal Govan

203264.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Govan's Opposition to Travelodge Hotel, Inc.'s Motion to Compel and the Affidavit of Eric C. Holzapfel in support thereof have been filed with the Court by electronic means this 31st day of March 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Eric C. Holzapfel
Eric C. Holzapfel
Trial Attorney for Defendant
Gopal Govan