UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TRAVELODGE HOTELS, INC.** | : | Case No. C-1-01-784 |
| Plaintiff, | : | |
| -vs- | : | |
| **GOPAL GOVAN** | : | |
| Defendant, | : | |
| -vs- | : | |
| **CINCINNATI TRAVELODGE** | : | |
| Third-Party Defendant. | : | |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR RECONSIDERATION**

Third-Party Defendant Cincinnati Travelodge ("Travelodge"), by and through undersigned counsel, hereby submits its Reply Memorandum in Support of its Motion for Reconsideration on its request that this Court reconsider its Decision on Travelodge's Motion to Dismiss/Motion to Transfer Venue (the "Motion") initially filed in this proceeding. Defendant Gopal Govan ("Govan") filed a Memorandum in Opposition to Travelodge's Motion (the "Response"). Despite the arguments raised in the Response, Travelodge is entitled to the relief requested in its Motion.

A.   **INTRODUCTION**

On July 17, 2002, this Court issued an Order denying the Travelodge's Motion to Dismiss/Motion to Transfer Venue (the "July 17th Order") [#15]. The Court appeared to conclude that a liberal construction of Rule 13(h) allowed the joinder of Travelodge as Govan's third-party claim sought damages arising out of the same transaction as Govan's

1

counterclaim against Plaintiff and further, that Travelodge's request for a transfer of venue was not appropriate based on an analysis of several factors.

On April 14, 2003, both Plaintiff and Travelodge filed Motions for Summary Judgment regarding the claims asserted against Govan by Plaintiff and the claims asserted against Travelodge by Govan [#31 and #33]. The Court granted Plaintiff's Motion for Summary Judgment and entered judgment against Govan. The Court also entered judgment against Govan on the claims he asserted against Plaintiff. Therefore, the Plaintiff is no longer an active party to this litigation as the claims it asserted, and the claims asserted against it, have been resolved in favor of the Plaintiff. The Court, however, denied Travelodge's Motion for Summary Judgment which it had filed against Govan [#65].

As was explained in the Motion, the Court's Decisions on the Motions for Summary Judgment affect the rationale that supports this Court's previous decision on Travelodge's Motion. Therefore, Travelodge hereby respectfully requests that the Court reconsider its previous July 17th Order and dismiss this action as Travelodge is not a proper party to this action under FRCP 13(h); alternatively, Travelodge requests that venue be transferred to San Diego, California pursuant to the terms of the Agreement between the remaining parties, Govan, an Arkansas resident, and Travelodge, a California general partnership.

**B.    ARGUMENT**

In his Response, Govan correctly cites the legal standard for a motion for reconsideration. "The test generally applied upon the filing of a motion for reconsideration is whether the motion calls to the attention of the court an obvious error

in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." Columbus v. Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515.  In this case, Travelodge's Motion raises issues that were not fully considered by the Court at the time it issued the July 17th Order.

Govan advances two arguments in opposition to Travelodge's Motion: (1) the Court has proper jurisdiction over Travelodge because the property and witnesses are located in Ohio and inconvenience and hardship on Govan to move the case to San Diego warrants the case remaining in Ohio and (2) the forum selection clause does not warrant transferring venue because of the factors cited by the Court in its July 17th Order.

As was explained in the Motion and contrary to representations made in the Response, while the subject property may be located in Cincinnati, Ohio, many of the witnesses are located outside of the State of Ohio.  For example, Govan is an Arkansas resident and a Travelodge representative resides in California.  Thomas Fuller, the alleged maker of the misrepresentation that Govan claims to have relied upon, has a last known address of New York.  Moreover, while Govan is correct that the agreement between Plaintiff Travelodge Hotels, Inc. ("THI") and Govan was governed by the laws of Ohio, the agreement between Travelodge and Govan is governed by the laws of California.  It makes sense for a California court to apply California law to the remaining issues in this dispute between Govan and Travelodge.

Govan has also not demonstrated how it would be an inconvenience and hardship to transfer the case to San Diego.  He claims he would require additional expense in getting new attorneys up to speed and any transfer of the case could lead to inconsistent rulings.  The case has been fully briefed at this point as the parties have filed motions for

summary judgment and the Court has issued its decision regarding summary judgment. Therefore, the only ruling left is the decision at trial. This can be accomplished in San Diego, California. Additionally, there were only two depositions taken in this proceeding and the document production consisted of a couple hundred pages of correspondence and agreements between the parties. This would not take a great deal of effort for new counsel to review and be prepared for trial.

Govan's second argument is that no facts have changed since the July 17th Order to warrant reconsideration of the Court's decision with respect to the forum selection clause. This is also not true. As was mentioned above, the agreement between Plaintiff and Govan is governed by Ohio law while the agreement between Govan and Travelodge is governed by California law. This Court has granted summary judgment in favor of Plaintiff, thus the Ohio law portion of the case has been concluded. Therefore, California law will control the outcome of the trial and a California court is more familiar with its laws. This change combined with Travelodge's previous arguments provides the basis for this Court to remove the case to San Diego, California based on the case-law factors cited in the July 17th Order.

## C. CONCLUSION

Therefore, based upon the foregoing arguments, citations of authority, references to the record, Cincinnati Travelodge respectfully requests that this Court reconsider its original order denying its motion to dismiss this action as there is no basis for jurisdiction under Rule 13(h). Alternatively, Cincinnati Travelodge requests that the Court transfer venue of this action to San Diego, California.

Respectfully submitted,

STATMAN, HARRIS, SIEGEL & EYRICH, LLC


_____/s/_____
Alan J. Statman (0012045)
2900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
(513) 621-2666
(513) 631-4896 (fax)
Counsel for Cincinnati Travelodge

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing was served electronically on the 1st day of April 2004 upon the following:

Marc J. Kessler
Hahn Loeser & Parks
21 E. Second Street
10th Floor
Columbus, Ohio 43215-4224

Nancy A. Oliver
Rose Marie Fiore
Steven A. Goldfarb
Hahn Loeser & Parks
3300 BP Tower America Building
200 Pubic Square
Cleveland, Ohio 44114-2301

Eric A. Holzapfel
Wood & Lamping
600 Vine Street
Suite 2500
Cincinnati, Ohio 45202

_____/s/_____
Alan J. Statman