UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELODGE HOTELS, INC., | ) | CASE NO. C-1-01-784 |
| | ) | |
| Plaintiff, | ) | JUDGE WEBER |
| v. | ) | |
| | ) | |
| GOPAL GOVAN, | ) | |
| | ) | **PLAINTIFF TRAVELODGE** |
| Defendant/Third-Party Plaintiff, | ) | **HOTELS, INC.'S REPLY IN** |
| | ) | **SUPPORT OF ITS SUBMISSION OF** |
| v. | ) | **EVIDENCE IN SUPPORT OF** |
| | ) | **AWARD OF ATTORNEYS' FEES** |
| CINCINNATI TRAVELODGE, | ) | **AND COSTS** |
| | ) | |
| Third-Party Defendant. | ) | |

## INTRODUCTION

Consistent with this Court's January 8, 2004 Order (ECF #65), Plaintiff Travelodge Hotels, Inc. ("THI") submitted evidence in support of the Court's award of attorneys' fees and costs in the total amount of $69,808.57 (EFC #67). Defendant Gopal Govan ("Govan") contends, in his Objection to Plaintiff's Submission of Evidence in Support of Award of Attorneys' Fees and Costs ("Govan's Objection") (ECF #68), that the fees claimed by THI are not reasonable. In response to THI's detailed time records and a sworn affidavit as to the reasonableness of the fees and costs, Govan submitted no affidavits or evidentiary materials to dispute the reasonableness of the number of hours spent by THI's counsel. In addition, Govan ***concedes*** that THI's counsel's hourly rates are reasonable. *See* Defendant Govan's Opposition to Travelodge Hotels, Inc.'s Motion to Compel at p. 4 (ECF #74). For these reasons, the Court should award the full amount of THI's fees and costs through March 3, 2004, in the amount of

CLE - 834421.1

$69,808.57. Moreover, THI reserves the right to supplement its evidence for fees and expenses incurred from March 4, 2004 through the entry of a Final Judgment, plus fees and expenses incurred on appeal, if any.

## LAW AND ARGUMENT

**I.  THI Is Entitled To Recover A Fully Compensatory Fee Because THI Received An Excellent Result and THI's Attorneys' Fees and Costs Are Reasonable.**

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court noted that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This calculation, the "lodestar" fee, "provides for an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.*[1]; *see also Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145-46 (1991). After the lodestar amount is calculated, discretionary adjustments (either upward or downward) may be made by the district court based upon the following factors:

(1) the time and labor required by a given case;

(2) the novelty and difficulty of the questions presented;

(3) the skill needed to perform the legal service properly;

(4) the preclusion of employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

---

[1] Although *Hensley* concerned the award of reasonable attorneys' fees under 42 U.S.C. § 1988, the Sixth Circuit has recognized that the standards set forth in *Hensley* are applicable generally to attorneys' fees cases. *See Kreimes v. Dept. of Treasury*, 764 F.2d 1186, n. 13 (6th Cir. 1985) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 691-92 (1983); *Hensley*, 461 U.S. at 433 n. 7).

  (10) the "undesirability" of the case;

  (11) the nature and length of the professional relationship with the client; and

  (12) awards in similar cases.

*Id.*[2] (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see also Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999) (citing *Johnson*); *Bittner*, 58 Ohio St.3d at 145-46.

In awarding attorneys' fees, if a trial court deviates from the lodestar amount by eliminating hours of service adequately documented by the attorneys, it must identify those hours and provide a clear explanation. *See Simmons v. BVM, Inc.*, No. 68502, unreported, 1995 WL 517032, *3 (Ohio App. 8 Dist. Aug. 31, 1995) (citing *Hensley*, 461 U.S. at 437), a copy of which is attached hereto as Exhibit A. Moreover, "[w]here a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435; *see also Fite v. First Tennessee Production Credit Ass'n*, 861 F.2d 884, 894 (6th Cir. 1988) (citing *Hensley*, 461 U.S. at 435). Applying this standard, it is appropriate for THI to recover a fully compensatory fee because THI obtained excellent results – a complete victory. Moreover, Govan has failed to present any *evidence* to contradict the reasonableness of the attorneys' fees and costs submitted by THI and supported by the affidavit of its counsel.

## II. The Number Hours Expended And Hourly Rates Charged To THI Are Reasonable.

Based upon the factors outlined above, it is clear that the hours expended to reach the successful resolution of this matter on behalf of THI are reasonable. For example, with respect

---

[2] These factors are substantially the same as the factors set forth in D.R. 2-106(B) of the Code of Professional Responsibility. *See Bittner*, 58 Ohio St.3d at 145-46.

3

to factor number two (the novelty and difficulty of the questions presented), the invoices attached to THI's Submission of Evidence in Support of Award of Attorneys' Fees and Costs ("THI's Submission") (ECF #67) reflect that much of the fees incurred by THI were required due to the claims wrongfully asserted by Govan against THI. Govan previously represented to the Court that his Counterclaim increased the novelty and difficulty of the questions presented because it required the Court's analysis to "extend far deeper" than the "'straight-forward' examination of a license agreement." *See* Response of Defendant Gopal Govan to the Motion of Plaintiff Travelodge Hotels, Inc.'s Motion for Summary Judgment, p. 1 (ECF #36).

Indeed, Govan's main objection to THI's Submission is the number of hours spent on the summary judgment briefing. Govan's Objection at p. 4 (ECF #68). Due to Govan's meritless fraud claim, however, THI was forced to devote substantial effort in its summary judgment briefing to debunk that claim as well as to establish the absence of a genuine issue of material fact on its own claims. Significantly, THI's efforts were successful and THI obtained a complete victory – without having to proceed to trial – because the Court granted judgment as a matter of law in favor of THI. *See* January 8, 2004 Opinion (ECF #65).[3] Moreover, the time spent by THI's counsel on the summary judgment briefing ultimately saved THI and the Court the additional time and expense of a trial.

In addition, with respect to factor number eight (the amount involved and the results obtained), THI has obtained a complete victory with the Court granting judgment in favor of THI; awarding damages initially in the amount of $214,231.57; and reserving judgment with

---

[3] The fact that Govan's counsel spent fewer hours on Govan's summary judgment briefing does not detract from the fact that the time spent by THI's counsel resulted in a complete victory for THI and avoided the necessity of trial.

4

CLE - 834421.1

respect to (i) the amount of legal fees to be awarded to THI, and (ii) the amount to be awarded to THI for Govan's infringing use of the Travelodge Marks.[4]

Moreover, with respect to factor numbers nine and eleven (the experience, reputation and ability of the attorneys and the nature and length of the professional relationship with the client), THI's counsel has been regional litigation counsel to THI's parent company and its eight hotel subsidiary brands for over six years, and are well known as being one of the most experienced and successful franchise litigation groups in the region. *See* Affidavit of Steven A. Goldfarb ("Goldfarb Affidavit") at ¶3, a copy of which is attached hereto as Exhibit B. Finally, with respect to factor number twelve (awards in similar cases), in *Ramada Franchise Systems, Inc. v. Hanna Hotel Enterprises, Inc.*, 147 F. Supp.2d 840 (N.D. Ohio 2001), the court granted summary judgment in favor of Ramada Franchise Systems, Inc. ("RFS") and awarded it over $214,000 in damages, including the full amount of its attorneys' fees and costs. *See* Goldfarb Aff., ¶4 and Exhibit 1 attached thereto.

Put simply, there is no question that the time spent by THI's counsel in litigating this matter is reasonable for the work that was performed. After more than two years of litigating this matter, THI has been charged for approximately 392 hours of time at an average hourly rate of $167.24. In addition, THI has incurred direct costs in the amount of $4,163.57. The number of hours and the costs expended are reasonable and justified because of the nature of the case, and, as reflected in the invoices attached to THI's Submission (ECF #67), much of the fees incurred by THI were necessitated by the claims wrongfully asserted by Govan against THI.

---

[4] To date, Govan has failed to provide an accounting as required by the January 8, 2004 Opinion and Order (ECF #65).

### III. Govan Has Failed To Provide Evidentiary Support For Its Claim That The Number of Hours Expended Was Excessive.

Notwithstanding the foregoing, Govan objects – with no evidentiary support – to the amount of the fees and costs submitted by THI, based upon Govan's unpersuasive argument that such amount is "excessive and unreasonable." Govan's Objection, p. 1 (ECF #68). For example, Govan objected to the expenditure of $4,200 to draft and file the Verified Complaint as "unreasonable," and suggested that Govan should not be responsible for the "up to the $2,164.50 of that amount" expended to draft a Motion for a Temporary Restraining Order ("TRO Motion") which was never filed. Govan's Objection, p. 2 (ECF #68). The invoices attached to THI's Submission (ECF #67) demonstrate, however, that only $1,531 in fees were incurred to draft this motion, which was reasonable and justified given that Govan was wrongfully using the Travelodge Marks in October 2001 when the motion was drafted, as conceded by Govan in his deposition. *See* Goldfarb Affidavit, ¶6 and Exhibit 2 attached thereto. After Govan substantially, but belatedly, de-identified the property, however, THI decided not to file the TRO Motion. *Id.*, ¶7.

Govan also objects to THI's expense of about $8,200 on the deposition of Govan as unreasonable, and specifically complains about the "extraordinary" cost of $1,831.05 in THI's April 29, 2003 invoice. Govan's Objection, p. 3 (ECF #68). Again, Govan has failed to offer any evidence to support his counsel's unpersuasive argument. Moreover, the cost of $1,831.05 is not "extraordinary" given that $1,815.05 of that amount reflects one-half of the total court reporting cost for Govan's deposition as agreed between THI and Cincinnati Travelodge, including the cost of the attendance of the court reporter and delivery of original transcripts. *See* Goldfarb Affidavit, ¶8 and Exhibit 4 attached thereto.

6

Govan further contends that THI's expense "of $9,200 on a motion to dismiss . . . is very extraordinary and unreasonable," Govan's Objection, p. 2 (ECF #68), and complains about "the almost $23,000 in fees for [THI's] counsel's work on its Motion for Summary Judgment." *Id.*, p. 4. In particular, Govan objects to these amounts because his counsel now claims this was a "relatively straightforward and uncomplicated case," *id.*, p. 2, and further asserts that "THI's complaint stem[med] directly from Govan's alleged breach of the franchise agreement" and that the counterclaim was "based on the simple allegation that THI concealed the fact that an inspection of the preoperty had taken place." *Id.*, p. 4.

As discussed above, however, this unpersuasive argument completely contradicts Govan's earlier representation to the Court that this case did "***not*** involve, as [THI] has suggested, the 'straight-forward' examination of a license agreement, and the alleged breach thereof." *See* Response of Defendant Gopal Govan to the Motion of Plaintiff Travelodge Hotels, Inc.'s Motion for Summary Judgment, p. 1 (ECF #36) (emphasis added). Indeed, at that time, in an attempt to salvage Govan's counterclaim, Govan argued that "[t]he circumstances under which [Govan] became obligated under the terms of the License Agreement clearly reflect the reality that the ***roots of this case extend far deeper*** than THI has suggested." *Id.* (emphasis added).

Govan's current position regarding the complexity and nature of the case is not only disingenuous, but it also fails to demonstrate that THI's expenditure of fees with respect to these motions is unreasonable. Significantly, Govan has failed to offer an affidavit or other evidentiary materials to suggest that this expenditure of fees was unreasonable. Furthermore, THI prevailed on its Motion to Dismiss by getting Govan's negligence claim dismissed, and prevailed on its Motion for Summary Judgment in its entirety. The Sixth Circuit has instructed

7

that "where a plaintiff has obtained an excellent result, [its] attorney should receive a fee for all hours expended on the litigation." *Fite*, 861 F.2d at 894 (citing *Hensley*, 461 U.S. at 435).

Finally, Govan suggests that he should not be responsible for the fees incurred by THI's counsel for traveling to Cincinnati because THI chose the venue. Govan's Objection, p. 3 (ECF #68). To the contrary, Govan's conduct, including the breach of the license agreement and infringing use of the Travelodge Marks, "chose" the venue for this matter, and the expense of THI's counsel to travel to Cincinnati was reasonable given that THI could have incurred the additional cost of airline travel to Cincinnati.

## CONCLUSION

As the foregoing demonstrates, Govan has offered nothing more than his counsel's unpersuasive argument in response to THI's Submission. Moreover, Govan concedes that THI's hourly rates are reasonable. Accordingly, THI respectfully requests the Court to award it the full amount of fees and costs through March 3, 2004, as fully supported herein, in the amount of $69,808.57.

Respectfully submitted,

OF COUNSEL:

HAHN LOESER & PARKS LLP

/s/ Nancy A. Oliver
Steven A. Goldfarb (0030186)
sagoldfarb@hahnlaw.com
Nancy A. Oliver (0071142)
naoliver@hahnlaw.com

3300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2301
(216) 274-2347

Attorneys for Plaintiff Travelodge Hotels, Inc.

CLE - 834421.1

## CERTIFICATE OF SERVICE

I certify that on the 5th day of April 2004, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s/ Nancy A. Oliver
                                                  One of the Attorneys for Plaintiff

CLE - 834421.1