# EXHIBIT A

Westlaw.

Not Reported in N.E.2d  
(Cite as: 1995 WL 517032 (Ohio App. 8 Dist.))  
<KeyCite Citations>

Page 1

Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Eighth District, Cuyahoga County

**Calvin SIMMONS, Plaintiff-Appellant,**
v.
**BVM, INC., DBA Budget Rent-A-Car Defendant-Appellee.**

68502.

Aug. 31, 1995.

Civil appeal from Court of Common Pleas Case No. 251130 Reversed and Remanded.

Robert S. Belovich, Julia Ryan Sullivan, Parma, for plaintiff-appellant.

Russell W. Harris, Lakewood, for defendant-appellee.

OPINION

PER CURIAM:

*1 This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25.

Plaintiff-appellant Calvin Simmons appeals from an award of attorney fees rendered against his former employer, defendant-appellee Budget Rent-A-Car. Plaintiff contends that the trial court abused its discretion by making an inadequate award of $10,500 when fees were incurred in the sum of $30,200 in plaintiff's successful race discrimination case under Federal law. Plaintiff also assigns error in the trial court's failure to offer any explanation for the reduced award. We find merit to the appeal and reverse and remand for the reasons hereinafter stated.

In plaintiff's original suit he claimed he was discharged from employment on account of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and in breach of his implied contract with Budget.

Following unsuccessful motions to dismiss and for summary judgment by Budget, the case went to a jury trial on July 5, 1994. After three days the jury returned a verdict of $65,000 for plaintiff. The jury answered interrogatories affirmatively that Budget had both discriminated against plaintiff on account of his race and breached his employment contract by discharging him. Judgment was entered for plaintiff for $65,000. Budget appealed to this Court, but the case was settled in conference for $58,000 with the issue of attorneys' fees reserved for disposition by the trial court.

Plaintiff filed three applications for attorneys' fees at various stages of the proceedings: the first for $24,300 in fees for legal services from the beginning of the case through trial; the second for $3,958 in fees in successfully opposing the j.n.o.v. motion; and the third for $1,942.50 for legal services on the appeal through the settlement and litigating the fee issue. These applications were supported by itemized time records, supporting affidavits from the attorneys involved and expert witness attorneys verifying the reasonableness of the rates charged and the work performed. The total fees sought were $30,200.50 and expenses of $637.30. Defendant admitted plaintiff was the prevailing party, but opposed the fee application and agreed that $8,500 to $10,500 was a more appropriate fee. The court awarded $10,500 in fees and $636.00 in expenses without any opinion or explanation for its award. The expenses are not in issue on this appeal.

The sole assignment of error herein states as follows:

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



Not Reported in N.E.2d  
(Cite as: 1995 WL 517032, *1 (Ohio App. 8 Dist.))

Page 2

I. THE TRIAL JUDGE ERRED AND ABUSED HIS DISCRETION IN AWARDING APPELLANT ONLY $10,500.00 IN ATTORNEY'S FEES BY A JUDGMENT ENTERED WITHOUT OPINION, WHEN APPELLANT WAS A PREVAILING PARTY IN A FEDERAL CIVIL RIGHTS ACTION AND THE FEE AWARD REPRESENTED ONLY 35% OF THE AMOUNT REQUESTED.

The attorney's fees provision of 42 U.S.C. 2000e-5(k) permits the court, in its discretion, to award attorney's fees and costs to the prevailing party. The statute provides as follows:

*2 (k) Attorney's fees, liability of the commission and the United States for costs. In any action or proceedings under this title the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee (including expert fees) as part of the costs.

The purpose of the fee award is to "encourage individuals injured by * * * discrimination to seek judicial relief by enabling them to obtain adequate counsel for their meritorious claims." *Murray v. Weinberger* (C.A.D.C., 1984), 741 F.2d 1423, 1427; see, also, *Mayson v. Pierce* (C.A.11, 1987), 806 F.2d 1556, 1562; *Johnson v. Georgia Highway Express, Inc.* (C.A.5, 1974), 488 F.2d 714, 716. State courts have concurrent subject matter jurisdiction with federal courts in Title VII actions. *Manning v. Ohio St. Lib. Bd.* (1991), 62 Ohio St.3d 24, 29. We therefore look to federal law for guidance, and state law where it is not inconsistent with federal law. *Fenton v. Query* (1992), 78 Ohio App.3d 731, 737. Also, since the standard for the award of attorney's fees pursuant to 42 U.S.C. § 1988 is the same as under section 2000e we look to section 1988 cases for guidance. *Lyte v. Sara Lee Corp.* (C.A.2, 1991), 950 F.2d 1472, 1478; *Proctor v. Consolidated Freightways Corp. of Delaware* (C.A.9, 1986), 795 F.2d 1472, 1478.

In *Christiansburg Garment Co. v. EEOC* (1977), 434 U.S. 412, 417, the Supreme Court held that a "prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." In the case herein, defendant concedes that plaintiff is the prevailing party and is entitled to fees, however, it contends that fees between $8,500 and $10,500 is a reasonable amount for plaintiff to recover. In defending the court's award of $10,500, defendant argues that the award of attorneys' fees is discretionary with the court; that the case was not particularly difficult; that plaintiff was not entitled to attorneys' fees for prosecuting his contract claims; and the hourly fee charged by counsel was not reasonable as such rates would not have been charged to plaintiff if he lost the suit since he is unemployed.

Plaintiff contends that he is at least entitled to the lodestar figure, *i.e.*, the hours expended (175 hours times the customary billing rates which totalled $30,200), as his attorneys were successful in opposing defendant's motion to dismiss and motion for summary judgment; successful at trial and defeating j.n.o.v.; and negotiation and settlement on appeal of the underlying litigation.

The starting point in determining the amount of fees to award under the statute is computing the lodestar figure for the fee applicant. *Blum v. Stevenson* (1984), 465 U.S. 886, 888; *Hensley v. Eckerhart* (1983), 461 U.S. 424; *Murray*, 741 F.2d at 1427; *Mayson v. Pierce* (C.A.11, 1987), 806 F.2d 1556, 1557. The lodestar is the number of hours expended multiplied by a reasonable hourly rate. *City of Burlington v. Daque* (1992), 505 U.S. 557, 112 S.Ct. 2638, 2640; *Blum*, 465 U.S. at 888; *Hensley*, 461 U.S. at 433. "Reasonable fees" are to be calculated according to the prevailing market rates in the relevant community. *Blum*, 465 U.S. at 895; *Leffler v. Meer* (C.A.7, 1991), 936 F.2d 981, 985. The lodestar amount then can be increased or decreased as necessary to reflect the results achieved. *Blum*, 465 U.S. at 888; *Leffler*, 936 F.2d at 985. However, the lodestar usually presents reasonable attorney fees within the meaning of the statute. *Blum*, 465 U.S. at 898; *Hensley*, 461 U.S. at 434; *Murray*, 741 F.2d at 1428; *Grant v. Martinez* (C.A.2, 1992), 973 F.2d 96, 101; *Bernardi v. Yeutter* (C.A.1991), 951 F.2d 971, 975.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



Not Reported in N.E.2d                                                                              Page   3
(Cite as: 1995 WL 517032, *3 (Ohio App. 8 Dist.))

*3 The lodestar herein was $30,200. The number of hours of legal service and customary rates going into the lodestar calculation were verified by affidavits of plaintiff's counsel. The reasonableness of those hours and the rates (170 hours @ $175 for Belovich; 5.3 hours @ $85 for Ms. Sullivan) was verified by affidavits from two experienced employment law specialists who found the fees to be within the market range charged by attorneys specializing in this kind of litigation. Although defendant argued that the rates were unreasonable and that plaintiff's counsel would not have charged the rate recovered if plaintiff had lost the suit, defendant submitted no affidavits or evidentiary materials disputing the reasonableness of the hours expended or the hourly rates charged.

In spite of the law that the lodestar is presumed to be reasonable, and in spite of the evidence supporting the $30,200 and lack of any countervailing evidence, the lower court awarded plaintiff only $10,500. The court failed to state any reasons or explanation for reducing the amount of the lodestar. If the court deviates from the lodestar, it must provide a clear explanation. *Hensley,* 461 U.S. at 437; *Loranger v. Stierheim* (C.A.11, 1994), 10 F.3d 776, 783; *Leffler v. Meer* (C.A.7, 1991), 936 F.2d 981, 985; *Bernardi v. Yeutter* (C.A.1991), 951 F.2d 971, 974; *Jordan v. Multonomah* (C.A.9, 1987), 815 F.2d 1258, 1261; *Curtis v. Bill Hanna Ford, Inc.* (C.A.5, 1987), 822 F.2d 549, 552; *Murray v. Weinberger* (C.A.D.C., 1984), 741 F.2d 1423, 1429. "This principle requires that the court provide adequate reasons and a specific explanation as to why and how it reduced claimed hours for, *inter alia,* excessiveness, duplication, and inadequate documentation." *Gibney v. Toledo Bd. of Edn.* (1991), 73 Ohio App.3d 99, 108.

Our review of the record indicates the lower court had no evidence before it on which to find the hourly rates claimed were unreasonable.

Defendant claimed that plaintiff's contract claim was based on state law and that plaintiff should therefore not receive compensation for this part of the case. Although this general proposition is true, the lower court must be mindful that when a plaintiff prevails on all claims that arise from the same nucleus of operative facts, he is entitled to a fee for all work necessarily preformed. *Fenton v. Query* (1992), 78 Ohio App.3d 731, 737; *Cincinnati ex rel Kuntz v. Cincinnati* (1992), 79 Ohio App.3d 86, 94. As the court in *Hensley v. Eckerhart* observed:

Many civil rights cases will present only a single claim. In other cases, the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to litigation as a whole, making it difficult to divide the hours on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation the hours reasonably expended on the litigation.

*4 We cannot say, based on the record before us, which portion of the legal services was devoted to plaintiff's contract claim and which was devoted to the discrimination claim. Nor can we ascertain if the claims were based on the "same nucleus of operative facts." If the court found the claims to be based on separate facts, and the services divisible according to the different claims, it must so state in its order.

Defendant also argues that the time spent by Mr. Belovich in interviewing plaintiff, preparing his affidavit attached to the motion in opposition for summary judgment, preparing his direct examination, and writing the brief opposing defendant's j.n.o.v. motion was unreasonable. Defendant argues that the case was "simple" and therefore did not require the amount of time claimed by plaintiff's counsel. However, defendant submitted no evidence that the time spent by plaintiff's counsel was excessive for the work performed. Plaintiff had to respond to several dispositive motions and briefs filed by the defendant in which defendant argued that the requisite evidence of racial discrimination did not exist. Even a "simple" case can prove

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



Not Reported in N.E.2d  
(Cite as: 1995 WL 517032, *4 (Ohio App. 8 Dist.))

Page  4

difficult when the plaintiff is met with vigorous and professional opposition. Only in hindsight does it all appear to be "simple." However, if the court found the hours expended to be excessive, it must explain its conclusions. As the court well stated in *Northcross v. Board of Ed. of Memphis City Schools* (C.A.6, 1979), 611 F.2d 624, 636:

> We conclude that a fee calculated in terms of hours of service provided is the fairest and most manageable approach. The district court should indicate on the record the number of hours it finds the plaintiff's attorneys have expended on the case. This finding must first take into account the affidavits of counsel. The hours claimed need not be automatically accepted by the district court, but to the extent that hours are rejected, the court must indicate some reason for its action, so that we may determine whether the court properly exercised its discretion or made an error of law in its conclusion. Hours may be cut for duplication, padding or frivolous claims. In complicated cases, involving many lawyers, we have approved the arbitrary but essentially fair approach of simply deducting a small percentage of the total hours to eliminate duplication of services. *Oliver v. Kalamazoo Bd. of Educ.*, 576 F.2d 714 (6th Cir.1978). Such an approach seems preferable to an attempt to pick out, here and there, the hours which were duplicative. Beyond this allowance for duplicative services, however, we hold that if a district court decides to eliminate hours of service adequately documented by the attorneys, it must identify those hours and articulate its reasons for their elimination. The district court's failure to do so in this case renders its award virtually unreviewable. It has simply eliminated, without comment, hundreds of hours of documented service. The 1977 Award must therefore be remanded for entry of findings of fact and conclusions of law adequate to permit our review of the award. *Monroe v. Bd. of Comm'rs of Jackson*, 505 F.2d 105, 109 (6th Cir.1974). To the extent that the district courts' unspoken assumptions about awards of attorneys' fees are inconsistent with this opinion, the award should be recalculated.

*5 We likewise remand the attorneys' fee award for entry of findings of fact and conclusions of law and direct the court to the *Northcross* case above and the principles set forth within our own opinion for guidance.

Along with considering the fees incurred during the proceedings before the lower court, the court is also directed to consider the fees plaintiff has incurred in defending defendant's appeal of the jury's damage award which it successfully settled. Plaintiff is entitled to fees for the appellate efforts. *Finch v. City of Vernon* (C.A.11, 1989), 877 F.2d 1497, 1508; *Tousaint v. McCarthy* (C.A. 9, 1987), 826 F.2d 901, 904; *Lowry v. Whitaker Cable Corp.* (C.A.8, 1973), 472 F.2d 1210. Plaintiff's third fee application covered these costs, however, we cannot tell from the court's award whether these fees were considered by the court. This must be clarified on remand.

Plaintiff is also entitled to fees for prosecuting the instant appeal to vindicate his right to reasonable attorneys' fees. Successful civil rights plaintiffs who challenge the amount of attorney fees awarded by the trial court are entitled to fees for time spent on the appeal. *Hutto v. Finney* (1978), 437 U.S. 678, 693 reh. denied, 439 U.S. 1122 (1979); *United Steelworkers v. Phelps Dodge Corp.* (C.A.9, 1990), 896 F.2d 403, 408; *In re Lewis* (C.A.6, 1988), 845 F.2d 624, 632; *Coulter v. State of Tenn.* (C.A.6, 1986), 805 F.2d 146, 151.

Therefore, in conclusion and for the foregoing reasons, we reverse the trial court's award of $10,500 for attorneys' fees and remand the issue of fees to the trial court for a redetermination of a reasonable fee and findings that rationally articulate why the plaintiff is not entitled to the lodestar award. Interest should also be allowed from the date of the original fee judgment. An additional amount of reasonable fees will also be determined by the trial court for prosecuting this successful appeal.

Judgment reversed and vacated; case remanded for further proceedings consistent with this opinion.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



Not Reported in N.E.2d  
(Cite as: 1995 WL 517032, *5 (Ohio App. 8 Dist.))

Page 5

It is ordered that appellant recover of appellee his costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PORTER, P.J., and KARPINSKI, J., and AUGUST PRYATEL, J. [FN*] concur.

N.B. This entry is made pursuant to the third sentence of Rule 22(D), Ohio Rules of Appellate Procedure. This is an announcement of decision (see Rule 26). Ten (10) days from the date hereof, this document will be stamped to indicate journalization, at which time it will become the judgment and order of the Court and time period for review will begin to run.

   FN* Judge August Pryatel, Retired, Eighth District Court of Appeals, Sitting by Assignment.

1995 WL 517032 (Ohio App. 8 Dist.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

