# EXHIBIT 2

```
 1            IN THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION

 3                    - - - - -

 4   TRAVELODGE HOTELS, INC.,          :
                                       :
 5              Plaintiff,             :
                                       :
 6   vs.                               :CASE NO.C-1-01-784
                                       :
 7   GOPAL GOVAN,                      :  Volume I
                                       :
 8              Defendant,             :
     vs.                               :
 9                                     :
     CINCINNATI TRAVELODGE,            :
10                                     :
                Third-Party Defendant. :
11                    - - - - -

12         Deposition of GOPAL GOVAN, a Defendant herein,

13   taken by the Plaintiff as upon cross-examination

14   pursuant to Notice and stipulations hereinafter set

15   forth, at the offices of Wood & Lamping, 600 Vine

16   Street, Suite 2500, Cincinnati, Ohio 45202 at 9:20

17   a.m., on Wednesday, January 29, 2003, before

18   Angela S. Berens, a Professional Court Reporter and

19   Notary Public within and for the State of Ohio.

20                    - - - - -

21                Cin-Tel Corporation
                     813 Broadway
22               Cincinnati, Ohio  45202
                     (513) 621-7723
23

24
```

2

```
 1    APPEARANCES:

 2            On behalf of the Plaintiff:

 3                    NANCY A. OLIVER, ESQ.
                      Hahn, Loeser & Parks
 4                    3300 BP Tower
                      200 Public Square
 5                    Cleveland, Ohio 44114-2301
                      (216) 274-2290
 6
              On behalf of the Third-Party Defendant:
 7
                      BRIAN GILES, ESQ.
 8                    Statman, Harris, Siegel & Eyrich LLC
                      2900 Chemed Center
 9                    255 East Fifth Street
                      Cincinnati, Ohio 45202
10                    (513) 621-2666

11            On behalf of the Defendant, Gopal Govan:

12                    JAMES D. HOUSTON, ESQ.
                      Wood & Lamping LLP
13                    600 Vine Street
                      Suite 2500
14                    Cincinnati, Ohio 45202
                      (513) 852-6000
15

16                         -  -  -  -  -

17

18

19

20

21

22

23

24
```

3

```
 1            Q.     If you look at the last paragraph on
 2    the first page.
 3            A.     Uh-huh.
 4            Q.     It says, Pursuant to the terms of the
 5    license agreement, Licensee must completely
 6    deidentify the Unit from its appearance as a
 7    Travelodge guest lodging facility within ten days of
 8    your receipt of this letter.
 9                   That was your obligation under the
10    license agreement, correct?
11            A.     Yes.
12            Q.     What did you do to begin to deidentify
13    the facility?
14            A.     Take out all of the logos from the
15    rooms and cover up the sign.
16            Q.     When did you do that?
17            A.     It was shortly after this letter, but
18    I think -- let's see. We had a billboard, too, so we
19    had to call the billboard guy to cover the billboard
20    up and we had a sign guy turn the signs over on the
21    billboard afterwards because I think we had a cover
22    on there and it blew off and turned the signs over.
23            Q.     I assume you paid somebody to cover up
24    the billboard and turn the sign over? You had to
```

```
 1    hire somebody to do that?
 2         A.    Not the sign board. We just turned it
 3    over ourselves.
 4         Q.    But the billboard, you hired somebody
 5    to do that?
 6         A.    Yeah. Because I think what we did was
 7    put another name on the billboard.
 8         Q.    Do you know when you hired this person
 9    to cover the billboard?
10         A.    It was the same sign company. The guy
11    could probably get you the dates.
12         Q.    If you could find the invoice or
13    identify when that was done, that would be very
14    appreciative. Do you know when the property was
15    completely deidentified?
16         A.    It was shortly after this notice.
17         Q.    Shortly after?
18         A.    (Witness nods head affirmatively.)
19         Q.    Do you have any idea? Was it within
20    the ten days?
21         A.    Probably 15 days.
22              (THEREUPON, Plaintiff's Exhibit No. 14
23         was marked for identification.)
24    BY MS. OLIVER:
```

```
 1              Q.    Mr. Govan, what's been handed to you
 2    as Exhibit 14 is entitled Post Termination
 3    Obligations Checklist.
 4              A.    Uh-huh.
 5              Q.    And this is a copy of a report that is
 6    filled out after an inspector has visited the
 7    property to see if it has deidentified.
 8                    Can you tell me the date of this?
 9              A.    8/26/2001.
10              Q.    So it's 24 days after the termination,
11    correct?
12              A.    Uh-huh.  Yeah.
13              Q.    And I know that it's difficult because
14    the photos on the second page are not in color, but
15    can you see in the photograph that's marked primary
16    sign that the Travelodge sign is still up?
17              A.    Yes.
18              Q.    In the two top photos?
19              A.    I do.
20              Q.    In the lobby area you see the map up
21    with the Travelodge sign, correct?
22              A.    I think I had a call after this.
23              Q.    Guest Room 104 there were still the
24    items in the room with the Travelodge logo, correct?
```

225

1      A.      Uh-huh.

2      Q.      So you would agree with me 24 days
3  after the termination of the property you had not
4  deidentified, correct?

5      A.      Apparently not.

6              (THEREUPON, Plaintiff's Exhibit No. 15
7      was marked for identification.)

8  BY MS. OLIVER:

9      Q.      Mr. Govan, what's now been handed to
10 you as Exhibit 15 is another Post Termination
11 Obligations Checklist. If you could please tell me
12 what the date is on this.

13     A.      October 30th.

14     Q.      Of what year?

15     A.      2001.

16     Q.      Thank you. And on this first page
17 it's representing that with respect to the primary
18 sign you have removed that. Billboard to change name
19 has been removed. You've stopped answering the phone
20 Travelodge.

21             The only thing in the first item that
22 still remains is your failure to return confidential
23 operations manuals and reservation equipment. Is
24 that correct? I'm looking at the first page, I'm

1  sorry, in that top section.
2       A.   Uh-huh.
3       Q.   The items that are marked yes means
4  that you have deidentified.  The items marked no
5  means you have not.  The only thing identified there
6  is the returned confidential operations manuals and
7  reservation equipment, correct?
8       A.   Returned confidential operations
9  manuals and reservation equipment.
10      Q.   That wasn't returned, correct?
11           MR. HOUSTON:  I'm going to object to
12      the extent we haven't established that he
13      received this document at any time.
14      A.   I don't know nothing about the
15 manuals.
16      Q.   You don't know whether they were
17 returned or not, correct?
18      A.   No.  I don't know where they are.
19      Q.   Looking at the photographs on the next
20 page, it appears that the primary sign has been
21 covered up, correct?
22      A.   Yes.
23      Q.   It appears that the items that remain
24 to be covered or removed are in the photos showing

227

Cin-Tel Corporation
(513) 621-7723

```
 1    the tag on the back of the door.  There is a
 2    Travelodge logo, correct?
 3              MR. HOUSTON:  I'll object.  If you can
 4         tell.
 5         Q.   Can you tell?
 6         A.   It seems to be that way.
 7         Q.   How about on the phone, can you tell
 8    if there is a Travelodge logo on the phone?
 9         A.   Yeah.  It looks like there is one on
10    there.
11         Q.   Mr. Govan, do you know what revenue at
12    the facility between the time period of August 2nd,
13    2001 and the date of this inspection on 10/30/2001?
14         A.   No, I don't.
15         Q.   Is that something we could find out?
16         A.   We could find out.
17         Q.   If you could please find out that
18    information and provide that information to
19    Mr. Houston.
20                   (Off the record.)
21              _____
                           GOPAL GOVAN
22
23           (Deposition continued in progress
                concluded at 4:00 p.m.)
24
```