UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELODGE HOTELS, INC. | ) | CASE NO. C-1-01-784 |
| | ) | |
| Plaintiff, | ) | JUDGE WEBER |
| v. | ) | |
| | ) | |
| GOPAL GOVAN | ) | |
| | ) | **PLAINTIFF TRAVELODGE HOTELS,** |
| Defendant, | ) | **INC.'S RESPONSES TO DEFENDANT** |
| v. | ) | **GOPAL GOVAN'S FIRST COMBINED** |
| | ) | **SET OF INTERROGATORIES AND** |
| CINCINNATI TRAVELODGE | ) | **REQUESTS FOR PRODUCTION OF** |
| | ) | **DOCUMENTS** |
| Cross-Claim | ) | |
| Defendant. | ) | |

Plaintiff Travelodge Hotels, Inc. ("THI"), by its attorneys, Hahn Loeser & Parks LLP, hereby responds and objects to Defendant Gopal Govan's ("Govan") First Combined Set of Interrogatories and Requests for Production of Documents:

## GENERAL OBJECTIONS

THI makes the following general objections to Govan's Interrogatories and Requests for Production of Documents. These objections shall be reincorporated into each of THI's following responses as if fully rewritten herein.

1.      THI objects to any request which seeks information which falls within the scope of the attorney/client privilege and/or the attorney work product immunity including, without limitation, THI's communications with their attorneys, any information tending to reveal their

CLE - 771415.1

attorneys' mental processes, impressions, legal conclusions and arguments and/or any documents prepared in anticipation of litigation or otherwise covered by the protections set forth in Fed. R. Civ. P. 26.

2.    THI objects to any request which seeks information and/or documents which have previously been produced to Govan or which are equally as accessible to Govan as to THI.

3.    THI objects to each request to the extent that it purports to require a response beyond that required by the Federal Rules of Civil Procedure or the Court's Pretrial Scheduling Order.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify the person or persons responding to these Interrogatories and Requests for Production of Documents.

ANSWER:        James D. Darby, Vice-President Franchise Administration for Travelodge Hotels, Inc., with assistance of counsel.

INTERROGATORY NO. 2: Identify each individual who, on behalf of THI, performed any inspection, including but not limited to a quality assurance inspection, of the subject property from 1992 to the present.

ANSWER:    In addition to the foregoing General Objections, THI objects to this request on the basis that it is vague and ambiguous because "inspection" is not defined. THI further objects to the request because it is overly broad and unduly burdensome in that it seeks information for a period of time that is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing

2

objections, THI states that Faye Seawell, Colette N. Bryant, Eric D. Schrock, and Shane Blankenship performed quality assurance inspections of the subject property in the years 2000 and 2001.

INTERROGATORY NO.3: Please identify the dates of each inspection, quality assurance or otherwise, performed by THI (or on behalf of THI) of the subject property for the past five (5) years, including in your answer the date that the inspection took place, the name of the inspector, and whether the facility received a passing or failing grade.

ANSWER:    In addition to the foregoing General Objections, THI objects to this request on the basis that it is vague and ambiguous because "inspection" is not defined. THI further objects to the request because it is overly broad and unduly burdensome in that it seeks information for a period of time that is well beyond the relevant time period for this action, and therefore seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), THI refers to the quality assurance inspection reports being produced herewith dated February 21, 2000, August 14, 2000, December 13, 2000, and June 19, 2001.

INTERROGATORY NO. 4: Please state whether, in the five (5) years preceding the license agreement between THI and Govan, the subject property had received a failing grade as a result of a quality assurance inspection. If the answer to is yes, please identify the date of such inspection and the identity of the inspector.

3

ANSWER:    In addition to the foregoing General Objections, THI objects to the request because it is overly broad and unduly burdensome in that it seeks information for a period of time that is well beyond the relevant time period for this action, and therefore seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), THI refers to the quality assurance inspection report being produced herewith dated February 20, 2000.

INTERROGATORY NO. 5: Please state whether the subject property received a failing grade as a result of a quality assurance inspection after January 5, 2000. If the answer to is yes, please identify the date of such inspection and the identity of the inspector.

ANSWER:    *See* Response to Interrogatory No. 4.

INTERROGATORY NO. 6: Identify each lay and expert witness whom you intend to call to offer testimony at the trial of this matter.

ANSWER:    In addition to the foregoing General Objections, THI objects to this request to the extent that it seeks information which is not yet required to be given pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order. Without waiving the foregoing objections, THI states that it does not presently intend to call an expert witness to offer testimony at the trial of this matter. Further answering, at this time, THI has not determined whom it will

4

call as a "lay" witness to offer testimony. THI will provide this information as required pursuant to the Court's Scheduling Order.

INTERROGATORY NO. 7: In your initial disclosures made pursuant to Rule 26 of the Ohio Rules of Civil Procedure, you claim that you have been damaged. Please set forth with specificity the manner in which you calculated damages in the amount of $61,351.99 for "aged receivables," and $142,000 in liquidated damages.

ANSWER:      Subject to and without waiving the foregoing General Objections, THI states that liquidated damages are calculated pursuant to section 12.1 of the License Agreement, and specifically, the provision that provides that "Liquidated Damages will not be less than the product of $2,000 multiplied by the number of guest rooms in the Facility." *See* License Agreement at ¶ 12.1. THI further states that pursuant to section 7 and Schedule C of the License Agreement, Govan was required to make certain periodic payments to THI for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively "Recurring Fees"). *See* License Agreement at ¶ 7 and Schedule C. Govan has failed to pay these fees resulting in aged receivables being due to THI in the amount of $ 73,231.57, as identified in the February 18, 2003 accounts receivable statement being produced herewith.

CLE - 771415.1

INTERROGATORY NO. 8: Please state each fact upon which you base your claim that Mr. Govan has violated the Lanham Act.

ANSWER:    In addition to the foregoing General Objections, THI objects to the request on the basis that it is overly broad and unduly burdensome because it seeks "each fact" to be identified. Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), THI refers to the Post Termination Obligations Checklists dated August 26, 2001 and October 30, 2001 which have previously been marked as exhibits at Govan's deposition on January 29, 2001. THI may also refer to Govan's deposition testimony in support of its claim, and any other information discovered by THI.

INTERROGATORY NO. 9: Please identify the individual sent by THI to inspect the subject property in response to Mr. Govan's specific request that the property be inspected prior to closing.

ANSWER:    In addition to the foregoing General Objections, THI objects to this request as vague and ambiguous because "inspect" and "inspected" are not defined. THI further objects to the request to the extent that the request implies that a quality assurance inspection was performed on the subject property. Subject to and without waiving the foregoing objections, to the extent that this request seeks the identity of a quality assurance inspector that was allegedly sent in response to Mr. Govan's request to have a quality assurance inspection performed on the subject property, THI states that it has been unable to locate any information which indicates that a quality assurance inspector was sent to the subject property in response to such a request. THI further states, that Shane Blankenship, a THI quality assurance inspector, went to the subject

6

property on May 2, 2000 to conduct a scheduled quality assurance reinspection of the subject property. Upon arriving at the subject property, Mr. Blankenship was told by a Cincinnati Travelodge representative that the subject property was being sold and that an inspection was therefore not necessary.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:    Please produce copies of all documents reviewed in preparing responses to these Interrogatories and Requests for Production of Documents.

RESPONSE:  Responsive non-privileged documents either have been or will be produced.

REQUEST NO. 2:    Produce a copy of the entire file maintained by THI pertaining to Govan.

RESPONSE:  In addition to the foregoing General Objections, THI objects to the request as vague and ambiguous.  THI further objects to the request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, THI states that it has produced all non-privileged documents which it has been able to locate after a reasonable investigation which relate to Govan and the subject property.

REQUEST NO. 3:    Produce copies of all documents provided to THI, at anytime, by Govan including, but not limited to, executed or unexecuted contract or license documents, correspondence, or the like.

7

RESPONSE:  In addition to foregoing General Objections, THI objects to the request as vague, ambiguous, overly broad and unduly burdensome to the extent that it fails to limit the time period and the subject matter upon which the documents are sought and therefore seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, to the extent that the request seeks documents provided to THI by Govan which relate to property which is the subject matter of this action, THI states that it has produced all responsive documents which it has been able to locate after a reasonable investigation.

REQUEST NO. 4:    Produce copies of all documents provided by THI to Govan, including, but not limited to, executed or unexecuted contract license documents, correspondence or the like.

RESPONSE:  In addition to foregoing General Objections, THI objects to the request as vague, ambiguous, overly broad and unduly burdensome to the extent that it fails to limit the time period and the subject matter upon which the documents are sought and therefore seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, to the extent that the request seeks documents provided to Govan by THI which relate to property which is the subject matter of this action, THI states that it has produced all responsive documents which it has been able to locate after a reasonable investigation.

8

REQUEST NO. 5:    Produce copies of all inspection reports, quality assurance or otherwise, generated by or on behalf of THI as the result of any quality assurance inspections performed on the subject property during the term of the license agreement between Govan and THI.

RESPONSE:  Responsive documents either have been or will be produced.

REQUEST NO. 6:    Produce copies of all inspection reports, quality assurance or otherwise, for the subject property generated within the last five (5) years.

RESPONSE:  In addition to the foregoing General Objections, THI objects to the request because it is overly broad and unduly burdensome in that it seeks information for a period of time that is well beyond the relevant time period for this action, and therefore seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, THI states that responsive documents either have been or will be produced for the years 2000 and 2001.

REQUEST NO. 7:    Produce a copy of any manual or other document used by THI which establishes the criteria to be used at the performance of a quality assurance inspection.

RESPONSE:  In addition to the foregoing General Objections, THI objects to the request as vague, ambiguous, overly broad and unduly burdensome in that it does not specify a time period for which information is sought.  Subject to and without waiving the foregoing objections, THI states that it will produce responsive documents for the years 2000 and 2001 after a confidentiality agreement is entered into between the parties.

9

REQUEST NO. 8:    Produce copies of all documents sent to Cincinnati Travelodge from THI at any point within the last five (5) years.

RESPONSE: In addition to the foregoing General Objections, THI objects to the request because it is vague, ambiguous, overly broad and unduly burdensome in that it seeks information for a period of time that is well beyond the relevant time period for this action, and fails to specifically identify the type of documents sought. THI further objects to this request to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, THI states that responsive documents either have been or will be produced that relate to the subject property.

REQUEST NO. 9:    Produce copies of all documents received by THI from Cincinnati Travelodge at any point within the last five (5) years.

RESPONSE: *See* Response to Request No. 8.

REQUEST NO. 10:    Please provide the resume, curriculum vitae and report of each expert witness whom you intend to call to offer testimony in the trial of this matter.

RESPONSE: *See* Response to Interrogatory No. 6.

10

REQUEST NO. 11:   Please state whether, in the past ten (10) years, any THI franchisee has received a failing grade on its first quality inspection report. Defendant specifically seeks information pertaining to any such franchisees who purchased their property from Cincinnati Travelodge or Westlodge, and thereafter continued to have the property flagged under the Travelodge name.

RESPONSE: In addition to the foregoing General Objections, THI objects to the request because it is vague, ambiguous, overly broad and unduly burdensome in that it appears to seek information regarding entities and/or individuals which are not a party to this action, and seeks information for a period of time that is well beyond the relevant time period for this action.  THI further objects to this request to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

OF COUNSEL:

HAHN LOESER & PARKS LLP

Steven A. Goldfarb (0030186)
Nancy A. Oliver (0071142)
3300 BP Tower
200 Public Square
Cleveland, Ohio 44114
Phone:  (216) 621-0150
Fax:  (216) 241-2824
Email:  sagoldfarb@hahnlaw.com
            naoliver@hahnlaw.com

Attorneys for Plaintiff
Travelodge Hotels, Inc.

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing has been served by ordinary U.S. Mail, this 9th day of February, 2003, upon the following:

Eric C. Holzapfel
James D. Houston
Wood & Lamping, LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202

Attorneys for Defendant Gopal Govan

Alan J. Statman
Brian T. Giles
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202

Attorneys for Third-Party Defendant
Cincinnati Travelodge

One of the Attorneys for Plaintiff