UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TRAVELODGE HOTELS, INC.** | : | Case No. C-1-01-784 |
| **Plaintiff,** | : | (Judge Weber) |
| v. | : | **CINCINNATI TRAVELODGE'S RESPONSES TO GOPAL GOVAN'S DISCOVERY REQUESTS** |
| **GOPAL GOVAN** | : | |
| **Defendant,** | : | |
| v. | : | |
| **CINCINNATI TRAVELODGE** | : | |
| **Cross-Claim Defendant.** | : | |

Cross-Claim Defendant Cincinnati Travelodge, by and through undersigned counsel, does hereby respond and object to Defendant Gopal Govan's First Combined Set of Interrogatories and Requests for Production of Documents:

GENERAL OBJECTIONS

Cincinnati Travelodge makes the following general objects to Govan's First Combined Set of Interrogatories and Requests for Production of Documents. These general objections shall be incorporated into each of Cincinnati Travelodge's following responses as if fully rewritten herein.

1.  Cincinnati Travelodge objects to any request which seeks information which falls within the scope of the attorney/client privilege and/or attorney work product immunity including, without limitation, Cincinnati Travelodge's communications with their attorneys, any information tending to reveal their attorneys' mental processes, impressions, legal conclusions and arguments and/or any documents prepared in

1

anticipation of litigation or otherwise covered by the protections set forth in Fed. R. Civ. P. 26.

2. Cincinnati Travelodge objects to any request which seeks information and/or documents which have previously been produced to Govan or which are equally as accessible to Govan as to Cincinnati Travelodge.

3. Cincinnati Travelodge objects to each request to the extent that it purports to require a response beyond that required by the Federal Rules of Civil Procedure or the Court's Pretrial Scheduling Order.

## **INTERROGATORIES**

INTERROGATORY NO. 1: Please identify the person or persons responding to these Interrogatories and Requests for Production of Documents.

ANSWER NO. 1: Sue Eastman, with assistance of counsel.

INTERROGATORY NO. 2: Please provide the last known address, telephone number and/or email address for Tom Fuller, an employee of Cincinnati Travelodge, Inc. during the years 1999 and 2000.

ANSWER NO. 2: Tom Fuller c/o Athens Travelodge, 1325 Highway 72 East, Athens, Alabama 35611, phone number (619) 258-6561.

INTERROGATORY NO.3: Please identify the dates of each quality inspection performed by THI (or on behalf of THI) of the subject property for the past five (5) years, including in your answer the date that the inspection took place, and if, known, the identity of the inspector.

ANSWER NO. 3: Subject to and without waiving said the General Objections, pursuant to Fed. R. Civ. P. 33(d), Cincinnati Travelodge refers to the quality inspection reports

2

being produced herewith dated June 10, 1998, September 15, 1998, June 3, 1999, August 14, 2000, December 13, 2000, and June 19, 2001. Additionally, the property was inspected on February 21, 2000.

INTERROGATORY NO.4: Please state whether, during the time that Cincinnati Travelodge owned the subject property, the facility ever received a failing grade on a quality inspection report. If so, please identify the date that the failing grade was received, the reasoning provided for the failing grade and the name of the inspector.

ANSWER NO. 4: In addition to the General Objections, this interrogatory is overly broad and unduly burdensome in that it seeks information for a period of the time that is approximately thirty (30) years, which is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, pursuant to Fed. R. Civ. P. 33(d), Cincinnati Travelodge refers to the quality inspection report being produced herewith dated June 10, 1998. Additionally, the property received a failing grade pursuant to the quality inspection report dated February 21, 2000.

INTERROGATORY NO. 5: If a failing grade was received, please state what steps, if any, were taken by Cincinnati Travelodge to remedy the deficiencies. Please also state whether, in light of such improvements, the facility received a passing grade on the following quality inspection report.

ANSWER NO. 5: Cincinnati Travelodge created an action plan to remedy the deficiencies that resulted in the failing grade, including but not limited to, repairing cracked walkways, replacing A/C filters, scheduling training for housekeeping staff to

focus on detail, and regrouting of bathrooms. The property received a passing grade on the next scheduled inspection which occurred on September 15, 1998.

INTERROGATORY NO. 6: Please state whether the subject property ever received two (2) consecutive failing grades on any quality inspection reports during the entire time frame that Cincinnati Travelodge owned the subject property.

ANSWER NO. 6: In addition to the General Objections, this interrogatory is overly broad and unduly burdensome in that it seeks information for a period of the time that is approximately thirty (30) years, which is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Cincinnati Travelodge does not know whether the subject property ever received two (2) consecutive failing grades on any quality inspection reports.

INTERROGATORY NO. 7: Please state all lay and expert witnesses whom you intend to call to offer testimony at the trial of this matter.

ANSWER NO. 7: In addition to the foregoing General Objections, Cincinnati Travelodge objects to the extent it seeks information which is not yet required to be given pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order. Without waiving the foregoing objections, Cincinnati Travelodge states that it does not presently intend to call an expert witness to offer testimony at the trial of this matter. Further answering, at this time, Cincinnati Travelodge expects to call Sue Eastman as a "lay" witness to offer testimony. Cincinnati Travelodge reserves the right to supplement this response pursuant to the Court's Scheduling Order.

4

INTERROGATORY NO. 8: Please state whether, at any point during the period of time in which Cincinnati Travelodge owned the subject property, the subject property was cited for any violations by any governmental entity (be it city, county or state). If the answer is yes, please identify, with specificity, the nature of the violation, the date, and the governmental entity issuing the citation.

ANSWER NO. 8: In addition to the General Objections, this interrogatory is overly broad and unduly burdensome in that it seeks information for a period of the time that is approximately thirty (30) years, which is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, to the best of its knowledge, Cincinnati Travelodge does not recall or have any records regarding any such citations.

INTERROGATORY NO. 9: Please identify each individual who, on behalf or at the direction of THI communicated with Mr. Govan in relation to the sale and purchase of the subject property.

ANSWER NO. 9: Cincinnati Travelodge does not know whom Mr. Govan communicated with at THI.

INTERROGATORY NO. 10: Please state the date of each quality inspection performed regarding the subject property, by THI or any other entity, during the time frame that Cincinnati Travelodge owned the subject property. Please include it in your answer the date of each inspection.

ANSWER NO. 10: In addition to the General Objections, this interrogatory is overly broad and unduly burdensome in that it seeks information for a period of the time that is

5

approximately thirty (30) years, which is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, pursuant to Fed. R. Civ. P. 33(d), Cincinnati Travelodge refers to the quality inspection reports being produced herewith dated June 10, 1998, September 15, 1998 and June 3, 1999. A quality inspection also occurred on February 21, 2000.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST NO. 1: Please produce copies of all documents reviewed in preparing responses to these Interrogatories and Requests for Production of Documents.

RESPONSE NO. 1: See enclosed documents.

REQUEST NO. 2: Please produce a copy of the entire file maintained by Cincinnati Travelodge pertaining to Mr. Govan.

RESPONSE NO. 2: See enclosed documents.

REQUEST NO. 3: Please produce copies of all documents provided by Cincinnati Travelodge, at any time, by Mr. Govan including, but not limited to, executed or unexecuted contract or license documents, correspondence and the like.

RESPONSE NO. 3: See enclosed documents.

REQUEST NO. 4: Please produce copies of all documents provided by Cincinnati Travelodge to Mr. Govan including, but not limited to, executed or unexecuted contract or license documents, correspondence and the like.

RESPONSE NO. 4: See enclosed documents.

REQUEST NO. 5: Please produce copies of all inspection reports of any kind received by Cincinnati Travelodge from THI for any period of time during which Cincinnati Travelodge owned the subject property.

RESPONSE NO. 5: In addition to the General Objections, this document request is overly broad and unduly burdensome in that it seeks information for a period of the time that is approximately thirty (30) years, which is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see enclosed documents.

REQUEST NO. 6: Please produce copies of the resume, *curriculum vitae* and report of each expert witness whom you intend to call for testimony at the trial of this matter.

RESPONSE NO. 6: None.

REQUEST NO. 7: Produce copies of all documents received by Cincinnati Travelodge from Plaintiff THI during the time frame in which Cincinnati Travelodge owned the subject property.

RESPONSE NO. 7: In addition to the General Objections, this interrogatory is overly broad and unduly burdensome in that it seeks information for a period of the time that is approximately thirty (30) years, which is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see enclosed documents.

REQUEST NO. 8: Produce copies of all documents sent by Cincinnati Travelodge to THI during the time that Cincinnati Travelodge owned the subject property.

7

RESPONSE NO. 8: None.

REQUEST NO. 9: Produce all documents received by Cincinnati Travelodge from the Cincinnati Police Department for all times that Cincinnati Travelodge owned the subject property.

RESPONSE NO. 9: In addition to the General Objections, this interrogatory is overly broad and unduly burdensome in that it seeks information for a period of the time that is approximately thirty (30) years, which is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Cincinnati Travelodge states that it does not have any responsive documents in its possession.

REQUEST NO. 10: Produce copies of all documents sent to the Cincinnati Police Department by Cincinnati Travelodge for the entire time frame that it owned the subject property.

RESPONSE NO. 10: In addition to the General Objections, this discovery request is overly broad and unduly burdensome in that it seeks information for a period of the time that is approximately thirty (30) years, which is well beyond the relevant time period for this action, and therefore seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Cincinnati Travelodge does not have any responsive documents.

REQUEST NO. 11: Produce copies of all documents provided to Defendant Govan by Cincinnati Travelodge prior to the closing of the sale of the subject property. Such

documents would include, but are not limited to, profit/loss statements, tax returns and balance sheets.

RESPONSE NO. 11: See enclosed documents.

As to Objections:

_____
Alan Statman (0012045)

Respectfully submitted,

STATMAN, HARRIS, SIEGEL & EYRICH, LLC

_____
Alan J. Statman (0012045)
2900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
(513) 621-2666
(513) 621-4896 (fax)
Counsel for Cross-claim Defendant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served via ordinary U.S. mail this 21st day of March 2003 upon the following:

Eric C. Holzapfel
James D. Houston
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2491

Nancy A. Oliver
3300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2301

_____
Alan J. Statman

9