UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRAVELODGE HOTELS, INC.,

    Plaintiff,

    v.                                                      C-1-01-784

GOPAL GOVAN,

    Defendant/Third-Party Plaintiff,

    v.

CINCINNATI TRAVELODGE,

    Third-Party Defendant.

**<u>ORDER</u>**

This matter is before the Court upon third-party defendant Cincinnati Travelodge's motion to reconsider (doc. 66). Cincinnati Travelodge (Travelodge) moves the Court to reconsider its decision on Travelodge's Motion to Dismiss/Motion to Transfer Venue issued on July 17, 2002 (doc. 15). Govan opposes the motion (doc. 73).

**I. Procedural history**

Plaintiff Travelodge Hotels, Inc. (THI) filed this action against defendant Gopal Govan on November 13, 2001 (doc. 1). Govan asserted a counterclaim against THI and cross-claims against third-party defendant Travelodge on January 22, 2002 (doc. 4). THI moved to dismiss the counterclaim and on March 20, 2002, Travelodge filed a motion to dismiss the cross-claims or, in the alternative, for change of venue (doc. 8). The Court denied the motions to dismiss as to Govan's counterclaim for fraudulent misrepresentation against THI and Govan's cross-claim

1

against Travelodge and denied the motion for change of venue (doc. 15).

Following the completion of discovery, THI and Travelodge filed motions for summary judgment on April 14, 2003 (docs. 31, 33). The Court issued an Order on the motions on January 8, 2004 (doc. 65). The Court granted summary judgment in favor of THI on its claims against Govan and reserved ruling on the amount of damages, if any, resulting from the accounting and on the amount of attorney fees THI is entitled to recover. The Court also issued judgment in favor of THI on Govan's counterclaim against it. The Court dismissed Govan's cross-claim for false representations by Travelodge as to the income and revenue of the Facility and denied Travelodge's motion for summary judgment as to Govan's cross-claims for fraud and breach of the duty of good faith.

Travelodge now moves the Court to reconsider its decision on the motion to dismiss on the ground that the underlying basis for the Court's decision to retain jurisdiction over the matter has been eliminated with the Court's summary judgment decision. Travelodge contends that contrary to the Court's previous ruling in connection with Travelodge's motion to dismiss, Travelodge is not a proper party to this action under Fed. R. Civ. P. 13(h). Travelodge argues that if the Court's decision to allow joinder of Travelodge as a party to this action under Rule 13(h) was based upon common factual issues existing among the parties, the rationale for joinder is no longer present since THI does not remain a party to the action. In the alternative, Travelodge requests that venue be transferred to San Diego, California, on the ground that the factors which favor transferring the remaining dispute between Govan and Travelodge outweigh those factors which favor having this Court resolve the dispute. Travelodge reiterates many of the arguments it previously made in support of its motion to transfer venue, specifically that the parties' forum

selection clause should be enforced and the parties would not be substantially prejudiced if required to litigate this action in California. Travelodge also argues that one rationale for the Court's prior decision, i.e., Govan would be required to pursue similar claims in two different forums if the claims against Travelodge were transferred, is now moot since the Court has granted summary judgment in favor of THI.

Govan opposes the motion to reconsider because it does not pertain to an obvious error or raise new issues which were not previously considered by the Court. Govan claims that the fact that THI is now out of the case does not make jurisdiction or venue as to Travelodge improper. Govan claims that it would be an inconvenience and hardship to him if the case were moved to California because he would have to incur the time and expense of retaining new counsel there who would need to familiarize themselves with the case. Govan also asserts that this Court is familiar with the case and transferring it at this late stage would be inefficient and could lead to inconsistent rulings.

## II. Opinion

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. ***Meekison v. Ohio Dept. of Rehabilitation and Correction,*** 181 F.R.D. 571, 572 (S.D. Ohio 1998)(citing ***Harsco Corp. v. Zlotnicki,*** 779 F.2d 906, 909 (3d Cir. 1985)).

Travelodge does not posit any of these reasons as a ground for the Court to reconsider its prior rulings. Travelodge relies instead on changes in the posture of the lawsuit resulting from the Court's rulings. This is not a sufficient basis on which to dismiss the action against Travelodge or transfer venue of the lawsuit. Dismissal of the claims against THI has not rendered the joinder of Travelodge to this action or venue in this district improper. Nor has the dismissal of THI from the action tipped the balance of the weight of the factors to be considered in determining if a change of venue is warranted in favor of transfer. To the contrary, a transfer of venue at this late stage of the litigation would thwart judicial economy and substantially prejudice Govan. A transfer would delay the litigation, which is scheduled for trial next month. New attorneys and a different court would have to familiarize themselves with the case. Moreover, Govan would still be required to proceed in two different courts on issues arising out of the same series of events. This is so because although the claims against THI have been resolved, there are outstanding matters, including attorney fees, which remain to be litigated in this court.

For these reasons, Travelodge's motion for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\01-784recon.wpd