# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELODGE HOTELS, INC., | : | **Case No. C-1-01-784** |
| | : | |
| Plaintiff. | : | (Judge Black) |
| | : | |
| vs. | : | |
| | : | |
| GOPAL GOVAN, | : | **DEFENDANT/THIRD-PARTY** |
| | : | **PLAINTIFF GOPAL GOVAN'S** |
| Defendant/Third Party Plaintiff, | : | **MEMORANDUM OF** |
| | : | **ACCOUNTING** |
| vs. | : | |
| | : | |
| CINCINNATI TRAVELODGE, | : | |
| | : | |
| Third-Party Defendant. | : | |

Defendant/Third-Party Plaintiff Gopal Govan ("Govan") hereby files his Memorandum of Accounting pursuant to the Court's Order dated June 29, 2004. The Order requires Govan to account to Plaintiff Travelodge Hotels, Inc. ("THI") for any and all revenue derived as a result of Govan's unlawful use of the Plaintiff's trademarks, i.e., all revenue earned during the period of time following termination of the Lease that the property remained marked as a Travelodge. *See* Order, p.1.

## A.    The Profit and Loss Statement

Attached hereto as Exhibit A is the Profit & Loss Statement for Govan's "Rest Inn" for the months of August through October 2001. The "Rest Inn" is the hotel in question, formerly operated as a Travelodge. The Profit & Loss Statement accounts for all revenues earned by the hotel during the period of time in question.

1.    <u>Computing the Time Period August 15 through October 30 of 2001</u>

There is little or no evidence in the record as to when the use of the Travelodge markings was unlawful.  Govan believes that THI will stipulate that the general time period of August to October of 2001 is the appropriate period to consider.

Govan and THI entered into a License Agreement on March 8, 2000.  *See,* Order of Judge Herman J. Weber, entered January 8, 2004, ¶16.  The Agreement was terminated by THI by letter dated August 2, 2001.[1]  A true and correct copy of the letter is attached hereto as Exhibit B.  See also, the *Deposition of Gopal Govan*, Exhibit 13 thereto, at 222:5-15.  A true and correct copy of the pertinent pages from the *Govan Deposition* is attached hereto as Exhibit C.[2]

Per the termination letter, Govan was ordered to "completely deidentify the Unit [hotel] from its appearance as a Travelodge guest lodging facility within ten days of your receipt of this letter."  Including three days for mail service, the 10-day period would have ended on August 15, 2001.  Thus, August 15, 2001 is most likely the appropriate date to begin looking at the hotel's revenues for the purposes of the accounting.

As indicated by two inspection reports prepared by THI or its agent, most or all of the Travelodge signage had been changed or removed by October 30, 2004.  True and correct copies of the inspection reports are attached hereto as Exhibit D; see *Govan Deposition*, Exhibits 14 and 15, at 224-228.  Thus, Govan had stopped using the Travelodge markings some time before October 30, 2001.

---

[1] Judge Weber's January 8, 2004 Order, ¶40, mistakenly refers to the date of the termination letter as August 21, 2001.

[2] Govan understands that the original transcript is in the possession of Plaintiff THI and has not been filed with the Court.

Thus, the appropriate time period within which to consider the hotel's revenues is most likely August 15, 2001 through October 30, 2001.

### 2.    The Profit and Loss Statement Shows a Loss

As indicated in Exhibit A hereto, the hotel had a negative net income for the months of August through October of 2001. Even if the loss from August is cut in half to account for the August 15 commencement date, there is still a loss over the three-month period.

Insofar as THI may be entitled to damages for profits derived from the hotel operations that are related to the unlawful use of the Travelodge markings, there are no such profits and, therefore, no damages to award to THI.

Respectfully submitted,

OF COUNSEL:

WOOD & LAMPING LLP

/s/Eric C. Holzapfel
Eric C. Holzapfel (0012276)
Kevin Frank (0077211)
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202
Counsel to Gopal Govan

213206.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant/Third-Party Plaintiff Gopal Govan's Memorandum Of Accounting has been filed with the Court by electronic means this 12th day of July 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Eric C. Holzapfel
Eric C. Holzapfel
Trial Attorney for Defendant
Gopal Govan