CIN-TEL CORPORATION

```
 1            UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
 2                  EASTERN DIVISION
 3                  - - - - -
 4   TRAVELODGE HOTELS, INC.,            :
                                         :
 5              Plaintiff,               :
                                         :
 6   vs.                                 :CASE NO.C-1-01-784
                                         :
 7   GOPAL GOVAN,                        :
                                         :
 8              Defendant,               :
                                         :
 9   vs.                                 :
                                         :
10   CINCINNATI TRAVELODGE,              :
                                         :
11              Third-Party Defendant.:
                    - - - - -
12
13
14
15
16
                DEPONENT: GOPAL GOVAN
17
                     VOLUME I
18
             WEDNESDAY JANUARY 29, 2003
19
                     9:00 a.m.
20
21
22
23
     REPORTED BY:
24   ANGELA S. BERENS
```

CIN-TEL CORPORATION  513-621-7723

**Page 222**

1    (Brief recess.)
2    (THEREUPON, Plaintiff's Exhibit No. 13
3    was marked for identification.)
4    BY MS. OLIVER:
5    Q.   Mr. Govan, what's been marked as
6    Exhibit 13 is a letter dated August 2nd, 2001. It's
7    addressed to you and it's regarding the notice of
8    termination. If you want to go ahead and read it.
9    A.   (Witness peruses document.)
10   Q.   This is the letter that terminated the
11   license agreement, correct?
12   A.   Yes.
13   Q.   And the date of termination was August
14   2nd, 2001, correct?
15   A.   Yes.
16   Q.   And the license agreement was
17   terminated for the failure to comply with
18   Travelodge's systems standards and its failure to pay
19   fees that were owed under the license agreement,
20   correct?
21   A.   Correct.
22   Q.   And you agree that you did not pay all
23   of the fees that were owed; isn't that correct?
24   A.   Yes.

**Page 223**

1    Q.   If you look at the last paragraph on
2    the first page.
3    A.   Uh-huh.
4    Q.   It says, Pursuant to the terms of the
5    license agreement, Licensee must completely
6    deidentify the Unit from its appearance as a
7    Travelodge guest lodging facility within ten days of
8    your receipt of this letter.
9         That was your obligation under the
10   license agreement, correct?
11   A.   Yes.
12   Q.   What did you do to begin to deidentify
13   the facility?
14   A.   Take out all of the logos from the
15   rooms and cover up the sign.
16   Q.   When did you do that?
17   A.   It was shortly after this letter, but
18   I think -- let's see. We had a billboard, too, so we
19   had to call the billboard guy to cover the billboard
20   up and we had a sign guy turn the signs over on the
21   billboard afterwards because I think we had a cover
22   on there and it blew off and turned the signs over.
23   Q.   I assume you paid somebody to cover up
24   the billboard and turn the sign over? You had to

**Page 224**

1    hire somebody to do that?
2    A.   Not the sign board. We just turned it
3    over ourselves.
4    Q.   But the billboard, you hired somebody
5    to do that?
6    A.   Yeah. Because I think what we did was
7    put another name on the billboard.
8    Q.   Do you know when you hired this person
9    to cover the billboard?
10   A.   It was the same sign company. The guy
11   could probably get you the dates.
12   Q.   If you could find the invoice or
13   identify when that was done, that would be very
14   appreciative. Do you know when the property was
15   completely deidentified?
16   A.   It was shortly after this notice.
17   Q.   Shortly after?
18   A.   (Witness nods head affirmatively.)
19   Q.   Do you have any idea? Was it within
20   the ten days?
21   A.   Probably 15 days.
22   (THEREUPON, Plaintiff's Exhibit No. 14
23   was marked for identification.)
24   BY MS. OLIVER:

**Page 225**

1    Q.   Mr. Govan, what's been handed to you
2    as Exhibit 14 is entitled Post Termination
3    Obligations Checklist.
4    A.   Uh-huh.
5    Q.   And this is a copy of a report that is
6    filled out after an inspector has visited the
7    property to see if it has deidentified.
8         Can you tell me the date of this?
9    A.   8/26/2001.
10   Q.   So it's 24 days after the termination,
11   correct?
12   A.   Uh-huh. Yeah.
13   Q.   And I know that it's difficult because
14   the photos on the second page are not in color, but
15   can you see in the photograph that's marked primary
16   sign that the Travelodge sign is still up?
17   A.   Yes.
18   Q.   In the two top photos?
19   A.   I do.
20   Q.   In the lobby area you see the map up
21   with the Travelodge sign, correct?
22   A.   I think I had a call after this.
23   Q.   Guest Room 104 there were still the
24   items in the room with the Travelodge logo, correct?

1  A. Uh-huh.
2  Q. So you would agree with me 24 days
3  after the termination of the property you had not
4  deidentified, correct?
5  A. Apparently not.
6  (THEREUPON, Plaintiff's Exhibit No. 15
7  was marked for identification.)
8  BY MS. OLIVER:
9  Q. Mr. Govan, what's now been handed to
10 you as Exhibit 15 is another Post Termination
11 Obligations Checklist. If you could please tell me
12 what the date is on this.
13 A. October 30th.
14 Q. Of what year?
15 A. 2001.
16 Q. Thank you. And on this first page
17 it's representing that with respect to the primary
18 sign you have removed that. Billboard to change name
19 has been removed. You've stopped answering the phone
20 Travelodge.
21    The only thing in the first item that
22 still remains is your failure to return confidential
23 operations manuals and reservation equipment. Is
24 that correct? I'm looking at the first page, I'm

Page 226

1  sorry, in that top section.
2  A. Uh-huh.
3  Q. The items that are marked yes means
4  that you have deidentified. The items marked no
5  means you have not. The only thing identified there
6  is the returned confidential operations manuals and
7  reservation equipment, correct?
8  A. Returned confidential operations
9  manuals and reservation equipment.
10 Q. That wasn't returned, correct?
11    MR. HOUSTON: I'm going to object to
12    the extent we haven't established that he
13    received this document at any time.
14 A. I don't know nothing about the
15 manuals.
16 Q. You don't know whether they were
17 returned or not, correct?
18 A. No. I don't know where they are.
19 Q. Looking at the photographs on the next
20 page, it appears that the primary sign has been
21 covered up, correct?
22 A. Yes.
23 Q. It appears that the items that remain
24 to be covered or removed are in the photos showing

Page 227

1  the tag on the back of the door. There is a
2  Travelodge logo, correct?
3     MR. HOUSTON: I'll object. If you can
4     tell.
5  Q. Can you tell?
6  A. It seems to be that way.
7  Q. How about on the phone, can you tell
8  if there is a Travelodge logo on the phone?
9  A. Yeah. It looks like there is one on
10 there.
11 Q. Mr. Govan, do you know what revenue at
12 the facility between the time period of August 2nd,
13 2001 and the date of this inspection on 10/30/2001?
14 A. No, I don't.
15 Q. Is that something we could find out?
16 A. We could find out.
17 Q. If you could please find out that
18 information and provide that information to
19 Mr. Houston.
20    (Off the record.)
21
          _____
22             GOPAL GOVAN
23    (Deposition continued in progress
          concluded at 4:00 p.m.)
24

Page 228

1        C E R T I F I C A T E
2  STATE OF OHIO:
              SS:
3  COUNTY OF BUTLER:
4     I, Angela S. Berens, the undersigned, a duly
5  qualified and commissioned notary public in and for the
6  State of Ohio, do hereby certify that before the
7  giving of his deposition, the within named GOPAL
8  GOVAN was by me first duly sworn to testify the
9  truth, the whole truth and nothing but the truth;
10 that the foregoing pages constitute a transcript of
11 testimony given at said time and place by said
12 deponent; that said deposition was taken by me in
13 stenotypy and transcribed under my supervision; that
14 I am neither a relative of nor attorney for any of
15 the parties to this cause, nor relative of nor
16 employee of any of their counsel, and have no
17 interest whatsoever in the result of this action. I
18 also have no financial interest under a contract as
19 defined in Civil Rule 28(D).
20    IN WITNESS WHEREOF, I hereunto set my hand
21 and official seal of office at Fairfield, Ohio, this
22 16th day of February, 2003.
23    _____
   MY COMMISSION EXPIRES:   ANGELA S. BERENS
24 DECEMBER 2, 2004   NOTARY PUBLIC-STATE OF OHIO

Page 229