UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRAVELODGE HOTELS, INC., | ) CASE NO. C-1-01 784 |
| Plaintiff, | ) |
| v. | ) MAGISTRATE JUDGE TIMOTHY S. BLACK |
| GOPAL GOVAN, | ) |
| Defendant/Third-Party Plaintiff, | ) **PLAINTIFF TRAVELODGE HOTELS, INC.'S MEMORANDUM IN RESPONSE TO DEFENDANT GOPAL GOVAN'S MEMORANDUM OF ACCOUNTING** |
| v. | ) |
| CINCINNATI TRAVELODGE, | ) |
| Third-Party Defendant. | ) |

Pursuant to the Court's Order dated June 29, 2004 (ECF #87), Plaintiff Travelodge Hotels, Inc. ("THI") submits its Memorandum in Response to Defendant Gopal Govan's Memorandum of Accounting (ECF # 90) ("Govan's Accounting").

### THI'S LANHAM ACT CLAIM

Under the Lanham Act, THI is entitled to recover its actual losses and Govan's profits for Govan's unlawful use of the Travelodge Marks. 15 U.S.C. § 1117(a). Govan admitted that he failed to immediately discontinue the use of the Travelodge Marks after the termination of the License Agreement, and that he continued to unlawfully use the Travelodge Marks until at least October 30, 2001. *See* Deposition of Gopal Govan ("Govan Dep."), pp. 223-28, a copy of which is attached to Govan's Accounting as Exhibit C. THI therefore requested the Court to order Govan to account to THI for any and all revenue derived as a result of Govan's unlawful use of

CLE - 849590.1

the Travelodge Marks after the License Agreement was terminated and pay the appropriate Recurring Fees[1].

In its January 8, 2004 Order, the Court granted THI summary judgment on its claim for an accounting, and ordered Govan to account to THI for any and all revenue earned during the period of time following termination of the License Agreement that the property used the Travelodge Marks. *See* January 8, 2004 Order at p. 22 (ECF # 65).

## THE ACCOUNTING

I. **Govan Is Obligated To Pay THI Recurring Fees As Provided In The License Agreement For His Unlawful Use Of The Travelodge Marks.**

THI appropriately sought Recurring Fees as a proper measure of damages for Govan's misuse of the Travelodge Marks. *See Ramada Inns, Inc. v. Gadsden Motel, Co.*, 804 F.2d 1562, 1566-67 (11th Cir. 1987); *Boston Professional Hockey Ass'n v. Dallas Cap Mfg.*, 597 F.2d 71 (5th Cir. 1979) (stating that royalties normally received for the use of a mark are the proper measure of damages for misuse of the mark). The License Agreement required Govan to pay THI a royalty equal to 4.5% of gross room revenues of the Facility. *See* License Agreement at § 7.1, a copy of which is attached hereto as Exhibit A. The License Agreement also obligated Govan to pay THI Recurring Fees on gross room revenue accruing while the facility is identified as a Travelodge. License Agreement at § 13.2.

The Profit and Loss Statement submitted by Govan shows that the Facility earned gross room revenues of $40,204.37 in August 2001, $24,444.09 in September 2001, and $25,321.06 in October 2001, for a total of $89,969.52 in gross room revenues. Govan is therefore required to pay THI $4,048.62 ($89,969.52 x 4.5%) as required by the License Agreement.

---

[1] Section 7 of the License Agreement requires Govan to make certain periodic payments to THI for royalties, service assessments, and other fees (the "Recurring Fees").

2

II. **Govan Is Required To Pay Recurring Fees As Provided In The License Agreement Even Though The Facility Had A Negative Net Income.**

Govan incorrectly argues that he is not required to pay THI any Recurring Fees because "the hotel had a negative net income for the months of August through October 2001." Govan's Accounting, p. 3. It is immaterial, however, that the facility had a negative *net* income because the License Agreement clearly required Govan to pay THI 4.5% of ***gross room revenues***. *See* License Agreement at § 7.1 (emphasis added). The Profit and Loss Statement demonstrates that the facility had gross room revenues from August 2001 through October 2001, and Govan is simply wrong when he claims that he is not required to pay THI any Recurring Fees. Instead, Govan is obligated to pay THI $4,048.62 in Recurring Fees.

III. **Govan Is Required To Pay Recurring Fees As Provided In The License Agreement For The Entire Three Month Period.**

Govan admitted that the License Agreement was terminated on August 2, 2001, and that he continued to unlawfully use the Travelodge Marks until at least October 30, 2001. *See* Govan Dep., pp. 223-28. Yet, Govan argues that August 15, 2001 is "the most appropriate date to begin looking at the hotel's revenue for purposes of the accounting[ ]" because THI's termination letter provided Govan with a ten day grace period to de-identify the facility and he includes a three days for mail. Govan's argument is absurd. Section 13 of the License Agreement required Govan to immediately cease using all of the Travelodge Marks upon termination of the License Agreement. *See* Exhibit A. Govan was therefore required to discontinue the use of the Travelodge Marks upon his receipt of THI's termination letter, and Govan cannot use THI's ten day grace period and "three days for mail service" as a means to escape his full payment of Recurring Fees to THI when Govan admits that he unlawfully used the Travelodge Marks from August 2, 2000 until at least October 30, 2001.

3

## CONCLUSION

Section 7.1 and 13.2 of the License Agreement required Govan to pay THI a royalty of 4.5% of gross room revenues for Govan's use of the Travelodge Marks. It is undisputed that Govan unlawfully used the Travelodge Marks between August and October 30, 2001, and that Govan received gross room revenues of $89,969.52 during this time period. Govan should therefore be required to pay THI $4,048.62 in Recurring Fees as required by the License Agreement.

Respectfully submitted,

/s/ Nancy A. Oliver
Steven A. Goldfarb (0030186)
sagoldfarb@hahnlaw.com
Nancy A. Oliver (0071142)
naoliver@hahnlaw.com
3300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2301
Phone: (216) 621-0150
Fax: (216) 241-2824

Attorneys for Plaintiff Travelodge Hotels, Inc.

OF COUNSEL:

HAHN LOESER & PARKS LLP

4

CLE - 849590.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July 2004, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Nancy A. Oliver
One of the Attorneys for Plaintiff

CLE - 849590.1