UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRAVELODGE HOTELS, INC., | Case No. C-1-01-784 |
| Plaintiff. | (Judge Black) |
| vs. | |
| GOPAL GOVAN, | **REPLY BRIEF OF DEFENDANT/THIRD-PARTY PLAINTIFF GOPAL GOVAN IN SUPPORT OF MEMORANDUM OF ACCOUNTING** |
| Defendant/Third Party Plaintiff, | |
| vs. | |
| CINCINNATI TRAVELODGE, | |
| Third-Party Defendant. | |

Defendant/Third-Party Plaintiff Gopal Govan ("Govan") hereby files his Reply Brief in support of its Memorandum of Accounting pursuant to the Court's Order dated June 29, 2004.[1] Because Govan did not earn any profits during the time period in question, there are no damages associated with Govan's brief use of Travelodge's trademarks. Further, the time period during which the Court should consider Govan's revenues runs only from August 15, 2001 to about October 1, 2001 – half the time suggested by THI. Thus, should the Court decide to grant THI additional fees, THI's estimate must be cut in half.

---

[1] The Order requires Govan to account to Plaintiff Travelodge Hotels, Inc. ("THI") for any and all revenue derived as a result of Govan's unlawful use of the Plaintiff's trademarks, i.e., all revenue earned during the

### I. Under the Lanham Act, THI is Entitled to Govan's Profits During the Time of Infringement, But Only if There Were Profits

#### A. Govan Earned No Profits During the Period in Question

Under the Lanham Act, THI is entitled to recover Govan's profits resulting from his unlawful use of the Travelodge marks. 15 U.S.C. §1117(a). But because Govan did not earn any profits during the time in question, THI does cannot recover any money from Govan on this issue. As indicated in Govan's Profit & Loss Statement,[2] the hotel failed to earn a profit during August through October of 2001. Consequently, the hotel failed to earn any profits attributed to the use of the Travelodge marks.

#### B. THI's Use of the "Recurring Fees" is not a Proper Calculation of Damages

THI erroneously argues that, even though Govan did not earn any profits from August through October 2001, Govan should pay THI $4,048.62 because the License Agreement requires payment of "Recurring Fees." This is contrary to the law and THI's own pleadings. THI's Complaint alleges a cause of action for trademark infringement under the Lanham Act, not the License Agreement. The Lanham Act provides a measure of damages in the amount of profits derived from the unlawful use of the trademarks. Thus, it is improper to look to the contract to find the proper measure of damages.

Further, the Court already ordered Govan to pay THI for Recurring Fees and Liquidated Damages under the License Agreement.[3] In its Order, the Court ordered Govan to pay $72,231.57 in Recurring Fees and $142,000 in Liquidated Damages to

---

period of time following termination of the Lease that the property remained marked as a Travelodge. *See* Order, p.1.

[2] Attached as Exhibit A to Govan's Memorandum of Accounting, previously filed herein.

[3] See Order granting summary judgment, entered January 8, 2004.

compensate THI for Govan's breach. Thus, any contractual Recurring Fees have already been awarded to THI. THI is now seeking a double recovery for this item of damages.

## II. August 15 to October 1, 2001 is the Appropriate Time Period

As a matter of clarification, THI is incorrect as to the correct dates to apply to this accounting. The start date is about August 15, 2003. The end date is unclear from the record, but it is reasonable to assume from the evidence an end date of about October 1, 2001. This results in about one-half of the time period erroneously suggested by THI (i.e., August 2 through October 30).

THI says that it is "absurd" to begin looking at Govan's profits as of August 15, 2001. That argument is disingenuous. In fact, THI's letter terminating the license agreement was dated August 2, 2001.[4] The letter demanded that Govan stop using the Travelodge trademarks within 10 days <u>upon receipt</u> of the letter. Thus, August 15 is an appropriate date to mark the start of the accounting. It would be punitive to begin earlier than that date because Govan was in compliance.

Further, on or about October 30, 2001, THI's inspector found that Govan was in compliance, which means that Govan achieved compliance some time before October 30. Govan did not, as argued by THI, admit that he unlawfully used the trademarks "until at least" October 30. The only other inspection was almost two months earlier on August 26, 2001, at which point in time Govan was not in compliance. The appropriate date to stop accounting for any profits would be some point in time between the two inspection dates. Govan suggests that the Court should consider October 1, 2001 as the cut-off date,

---

[4] A copy of the letter is attached as Exhibit B to Govan's Memorandum of Accounting filed with the Court on or about July 12, 2004.

which is approximately the half-way point between the August 26 and October 30 inspections.

Thus, the appropriate dates to look at Govan's profits are August 15 through October 1, 2001 (one and one-half months), not August 2 through October 30 (three months) as suggested by THI. Even if the Court awards THI additional Recurring Fees, the $4,048.62 figure provided by THI should be cut in half.

### III. CONCLUSION

THI is not entitled to recover damages for Govan's unlawful use of the Travelodge trademarks because Govan did not earn a profit during the time in question. Alternatively, even if the Court decides to award THI additional Recurring Fees, THI's estimate must be cut in half to account for the period of time for Govan's actual misuse of the trademarks.

Respectfully submitted,

OF COUNSEL:

WOOD & LAMPING LLP

/s/Eric C. Holzapfel
Eric C. Holzapfel (0012276)
Kevin Frank (0077211)
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202
Counsel to Gopal Govan

214661.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Brief Of Defendant/Third-Party Plaintiff Gopal Govan In Support Of Memorandum Of Accounting has been filed with the Court by electronic means this 2nd day of August 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                           /s/Eric C. Holzapfel
                                           Eric C. Holzapfel
                                           Trial Attorney for Defendant
                                           Gopal Govan