United States District Court
Southern District of Ohio
Western Division

Travelodge Hotels, Inc.,

    Plaintiff

vs.

Gopal Govan,

    Defendant/Third-Party Plaintiff

vs.

Cincinnati Travelodge,

    Third-Party Defendant

Case No. 1:01-cv-784

Magistrate Judge Timothy S. Black

# ORDER

On January 8, 2004, Plaintiff Travelodge Hotels, Inc.'s ("THI") motion for summary judgment was granted against Defendant Gopal Govan ("Govan"), and THI was awarded damages in the amount of $214,231.57. (*See* Doc. 65). The Court reserved ruling on the amount of damages, if any, THI shall recover upon the judgment rendered on its claim for an accounting, as well as the amount of attorney fees THI is entitled to recover. *Id.* at 22.

Now before the Court are: (**I.**) THI's memorandum in support of an award of attorneys' fees and costs (doc. 67); Govan's memorandum *contra* (doc. 68); and THI's reply memorandum (doc. 77); and (**II.**) Govan's Memorandum of Accounting (doc. 90) of any and all revenue derived as a result of Govan's unlawful use of the THI's trademarks;

THI's memorandum *contra* (doc. 91); and Govan's reply memorandum (doc. 92).

## I.

THI, as the prevailing party in this case, is entitled to recover reasonable attorneys fees pursuant to the parties' contract and the Court's Order. *See* Doc. 65 at p. 22. Accordingly, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Thereafter, discretionary adjustments up or down, may be made based on, *inter alia*, the results obtained, and the experience, reputations and ability of the attorneys. *Id.* Herein, complete victory was obtained by highly talented and experienced attorneys. Moreover, where a party has achieved excellent results, as herein, its attorneys should normally receive a fully compensatory fee. *Id.* at 435.

Upon careful review, the Court finds on the evidence that THI's counsels' hourly rates and the amount of time expended are reasonable, as are the costs incurred.

Accordingly, THI shall recover attorney fees of $65,645.00 and costs of $4,163.57 from Govan.

## II.

THI is also entitled to recover its damages and Govan's profits for Govan's unlawful use of the THI's trademarks. *See* 15 U.S.C. § 1117 (a). Generally, royalties normally received for the use of a mark are the proper measure of damages for misuse of the mark. *See Ramada Inns, Inc. v. Gadsden Motel, Co.*, 804 F.2d 1562, 1566-67 (11th

Cir. 1987); *Boston Professional Hockey Ass'n v. Dallas Cap Mfg.*, 597 F.2d 71 (5th Cir.1979). Here, the License Agreement between THI and Govan required Govan to pay THI a royalty equal to 4.5% of gross room revenues of the Facility.

Under the facts herein, the parties' License Agreement terminated on August 2, 2001, and THI gave Govan ten additional days to cease use of THI's mark. The evidence reflects that Govan ended use of the mark by October 30, 2001. Accordingly, the relevant time period is, therefore, August 15 through October 30, 2001.

Thus, THI is entitled to recover 4.5% of earned gross room revenues for the relevant time period, *i.e.*, 4.5% of the total of $20,102.19 (half of August 2001), $24,244.09 (September 2001), and $25,321.06 (October 2001), to wit; 4.5% of $69,867.34. Accordingly, THI shall recover from Govan the sum of $3,144.03 for Govan's unlawful use of THI's trademarks, pursuant to its claim for an accounting and damages.

**SO ORDERED**.


Date:  September 28, 2004   　　　　　　　　　　 s/ Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge