FILED
JAMES BONINI
CLERK

05 DEC 16 AM 11:37

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

FILED
DEC 15 2005
LEONARD GREEN, Clerk

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 01-00784

NOT RECOMMENDED FOR PUBLICATION

No. 05-3037

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| TRAVELODGE HOTELS, INC., | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE SOUTHERN DISTRICT OF |
| GOPAL GOVAN, | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |

Before: SILER and GRIFFIN, Circuit Judges; TARNOW, District Judge.[*]

**SILER**, Circuit Judge. Defendant Gopal Govan appeals the district court's grant of summary judgment to Plaintiff Travelodge Hotels, Inc. ("THI") for liquidated damages pursuant to an agreement between the parties. For the following reasons, we AFFIRM.

## BACKGROUND

In 2000, Govan purchased a Travelodge motel and subsequently entered into a 15-year franchise Lease Agreement ("Agreement") with THI. Among other things, the Agreement contained, in relevant part, the following stipulated damages provision in the event of breach:

> . . . If the Facility has been open for fewer than 24 months, then the amount shall be the average monthly Royalties and System Assessment Fees since the Opening Date multiplied by 24. You will also pay any applicable Taxes assessed on such payment. Before the Ending Period, Liquidated Damages will not be less than the product of $2,000.00 multiplied by the number of guest rooms in the Facility. . . .

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 05-3037
Travelodge Hotels, Inc. v. Govan

About 16 months after the effective date, THI terminated the Agreement, and instituted the present suit. Both parties agree that the contract was governed by New Jersey law. Ultimately, the district court granted summary judgment to THI on all issues and awarded $142,000 in liquidated damages. On appeal, Govan contests only the award of liquidated damages.

## DISCUSSION

A preliminary issue is whether Govan's current arguments were presented to the district court and thus properly preserved for appeal. Assuming, without deciding, that these arguments are properly before us, we must decide whether the district court properly found the stipulated damages clause enforceable.

Under New Jersey law, "[i]n commercial contracts, stipulated damages clauses are presumptively valid." *Ramada Franchise Sys., Inc. v. Hanna Hotel Enters., Inc.*, 147 F.Supp.2d 840, 848 (N.D. Ohio 2001) (citing *MetLife Capital Fin. Corp. v. Washington Ave. Assocs. L.P.*, 732 A.2d 493, 496 (N.J. 1999)). Thus, "the party challenging such a clause should bear the burden of proving its unreasonableness." *Wasserman's Inc. v. Twp. of Middletown*, 645 A.2d 100, 108 (N.J. 1994). In deciding these cases, "[t]he New Jersey courts apply a reasonableness test to determine: 1) whether the set amount is a reasonable forecast of compensation for the harm caused by the breach; and 2) whether the harm is incapable or difficult to estimate." *Ramada Franchise Sys., Inc.*, 147 F.Supp.2d at 848 (citation omitted). Ultimately, whether a stipulated damages clause is enforceable "is a question of law for the court to decide." *Naporano Assocs., L.P. v. B & P Builders*, 706 A.2d 1123 (N.J. Super. A.D. 1998) (citation omitted). Both parties agreed at oral argument that the question of reasonableness of the liquidated damages is an issue of law for the court to determine.

No. 05-3037
Travelodge Hotels, Inc. v. Govan

## 1. Estimation of Actual Harm

Govan first argues that the actual harm to THI is not incapable or difficult to estimate. The only evidence that Govan presents in support of this argument is a statement of recurring fees that had accrued during Govan's operation of the motel and, based solely upon this, he asserts that "[i]t would be fairly easy to extrapolate those figures out to determine THI's actual damages." However, stipulated damages clauses need only be proved reasonable at either the time of contract or the time of breach in order to encourage "more frequent enforcement of stipulated damages clauses." *Wasserman's Inc.*, 645 A.2d at 107; *see MetLife Capital Fin. Corp.*, 732 A.2d at 502. The evidence presented by Govan, that THI's actual damages looking back are easily estimable, says nothing about THI's ability to estimate damages at the time of contract. Since New Jersey law places the burden on Govan to prove unreasonableness and a stipulated damages clause will be enforced if it was reasonable at either the time of contract or breach, *see Wasserman's Inc.*, 645 A.2d at 106-07, Govan has failed to present any evidence on an issue that it was his burden to prove and therefore summary judgment was proper on this issue.

## 2. Reasonable Forecast of Actual Harm

Govan next alleges that the stipulated damages clause is unenforceable because it was not a reasonable forecast of just compensation for the actual harm caused by the breach. Specifically, he claims that there is no evidence indicating that the stipulated damages reasonably relate to the actual damages. Despite this assertion, though, Govan presents no evidence as to why the stipulated damages and the actual damages do not reasonably relate. His arguments are only filled with conclusory statements that THI used an "arbitrary calculation." In justifying this lack of evidentiary

No. 05-3037
Travelodge Hotels, Inc. v. Govan

production, he highlights the fact that THI has put forth no evidence that the stipulated damages were in fact reasonable. However, it is Govan's burden to prove that the damages provided for in the clause are unreasonable, not THI's burden to prove the clause's reasonableness. *See Wasserman's Inc.*, 645 A.2d at 108. Since he presented no evidence on this point, Govan has failed to meet his burden of proving that the calculation used by THI was not a reasonable forecast.

### 3. Stipulated Damages Based on Gross Revenue

The liquidated damages clause provided that damages were the greater of (1) the average monthly Royalties and System Assessment Fees multiplied by 24, plus taxes, or (2) $2,000 multiplied by the number of rooms. The Agreement defines "Royalty" as 4.5% of Gross Room Revenues. Therefore, one alternative in the stipulated damages calculation includes gross revenues as a factor.

Govan made two arguments in his briefs for why the inclusion of gross revenues in the calculation renders the clause invalid. However, at oral argument, he insisted that the first alternative, using gross revenues as a factor, was the correct measurement. Therefore, he has abandoned the argument that the whole clause is invalid due to the mention of gross revenues.

### 4. Alternative Stipulated Damages Clauses

Lastly, Govan contends that the presence of an alternative stipulated damages clause that requires a court to award the "greater of" two stipulated damages calculations is inherently punitive and unreasonable. New Jersey courts have repeatedly said that the test for determining the validity of a stipulated damages clause is reasonableness. *See Wasserman's Inc.*, 645 A.2d at 106-07; *MetLife Capital Fin. Corp.*, 732 A.2d at 498-99; *Naporano Assocs., L.P.*, 706 A.2d at 1128. As

No. 05-3037
Travelodge Hotels, Inc. v. Govan

such, it is plausible that there may exist some situations where a "greater of" calculation would be reasonable. Accordingly, since the burden to prove unreasonableness is on the party challenging the stipulated damages clause, Govan must show why this "greater of" clause is unreasonable in this instance. *See Wasserman's Inc.* 645 A.2d at 106-07. Again, he fails to make an argument on this point. His briefs are simply filled with conclusory allegations of unreasonableness and frequent cites to the discrepancy in calculation between the two formulas. Therefore, Govan has failed to present sufficient evidence on this issue to withstand THI's motion for summary judgment.

    AFFIRMED.

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

ROBIN DUNCAN
(513) 564-7027
(FAX) 564-7098
www.ca6.uscourts.gov

Filed: December 15, 2005

Steven A. Goldfarb
Hahn, Loeser & Parks
200 Public Square
Suite 3300 BP America Building
Cleveland, OH  44114-2307

Kevin K. Frank
Wood & Lamping
600 Vine Street
Suite 2500 Cincinnati Commerce Center
Cincinnati, OH  45202-2409

RE: 05-3037
    Travelodge Hotels vs. Govan
    District Court No. 01-00784

Enclosed is a copy of an order which was entered today in the above-styled case.

Robin Duncan
Case Manager

Enclosure

cc:
    Honorable Timothy S. Black
    Mr. James Bonini

Mr. James Bonini, Clerk
Southern District of Ohio at Cincinnati
100 E. Fifth Street
Suite 103 Potter Stewart U.S. Courthouse
Cincinnati, OH  45202