UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELODGE HOTELS, INC., | : | Case No. 1:01-cv-00 784 |
| | : | |
| Plaintiff, | : | Judge Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| GOPAL GOVAN, | : | **DEFENDANT GOPAL GOVAN'S** |
| | : | **MEMORANDUM IN OPPOSITION TO** |
| Defendant/Third-Party | : | **TRAVELODGE HOTELS, INC'S MOTION** |
| Plaintiff, | : | **TO SUPPLEMENT JUDGMENT WITH** |
| | : | **ATTORNEYS' FEES AND COSTS** |
| vs. | : | **INCURRED ON APPEAL** |
| | : | |
| CINCINNATI TRAVELODGE, | : | |
| | : | |
| Third-Party Defendant. | : | |

Defendant Gopal Govan ("Govan"), by and through counsel, hereby objects to Plaintiff Travelodge Hotels, Inc.'s ("THI") Motion to Supplement Judgment With Attorney's Fees and Costs Incurred on Appeal. Plaintiffs fees are excessive, unreasonable, and in some cases do not even pertain to work performed on the appeal. In the interest of justice and equity, Plaintiff's Motion must be denied. Alternatively, the fees requested must be significantly reduced.

1.   **THI Has Not Met Its Burden That Its Hourly Rates Are Reasonable**

THI included a self-serving affidavit from its Cleveland-based counsel that its hourly rates were reasonable for the Cincinnati market. This is not sufficient to meet THI's burden that the rates are reasonable. *Enyart v. Columbus Metro. Area Comm. Action Org.*, 115 Ohio App.3d 348, 358 (1996). THI's Motion should be denied.

1

Indeed, counsel's rates increased dramatically as shown by the invoices. For example, attorney "Rose Marie Fiore's" rates went from $110/hour (Exhibit 1), to $200/hour a month later (Exhibit 2), to $245 the next month (Exhibit 3), and went as high as $255/hour as the rates fluctuated thereafter. Mr. Goldfarb's rate went from $139/hour to as high as $345/hour. Other attorneys and staff charged increasingly higher rates, as well.

There is no evidence that such high rates are appropriate in the Cincinnati market for work that THI's counsel that performed on this case.

### 2. THI Seeks Fees and Costs Not Incurred on Appeal

Through its motion, "THI" seeks to recover the additional attorneys' fees and expenses incurred in successfully defending against Govan's appeal, which total $54,290.00." (THI's Motion, p.1). Mr. Govan filed his Notice of Appeal on October 28, 2004.

But THI's billing records show that it is seeking to recover about $14,278.65 in fees and costs incurred before the Notice of Appeal was filed. (See Motion, Exhibits 1 through 5). Only the final entry on Exhibit 5, for $31.50, was related to the appeal. These fees and costs should not be granted to THI.

Further, a close look at the billing narratives shows that a lot of the work was unrelated to Mr. Govan's claims against THI or the judgment granted to THI. Indeed, much of the work has to do with THI's work as corporate counsel when third-party defendant Cincinnati Travelodge wanted to depose one of THI's employees (R. Johnson) for the pending trial in which THI was not a participant. (See, e.g., Exhibits 4, 5). That

2

work had nothing to do with THI's judgment against Mr. Govan or the appeal. Mr. Govan's counsel estimates, per the invoices, that this work accounts for $3,165.00.[1]

Moreover, some of the fees relate to a Motion for Reconsideration and Motion to Dismiss filed by third-party defendant Cincinnati Travelodge – also work that had nothing to do with THI's judgment against Mr. Govan or his appeal. Mr. Govan's counsel estimates that this work accounts for about $1,078.70.[2]

While these fees do not constitute the bulk of the fees sought by THI, it is patently unfair to require Mr. Govan to pay fees for work by THI's counsel that is unrelated to the claims involving Mr. Govan.

### 3.  Additional Inappropriate Charges

Assuming that the Court allows THI any of the requested fees or costs, there are other charges reflected in counsel's invoices that are unreasonable. For example:

Exhibit 9:  THI incurred $25,000 in fees in one month to prepare its brief in opposition to the appeal – an extraordinary amount. The vast majority of these fees are related to "revisions" and changes to the brief after it was already drafted. These charges are grossly disproportionate to the time reasonably necessary to prepare such a brief.

Further, Mr. Govan's appeal related to only one narrow issue: Whether the liquidated damages clause in the franchise agreement was reasonable. This is an issue

---

[1] See invoice entries dated in 2004 (7/13, 8/3, 8/9, 8/11, 8/17, 8/19, 8/25 [twice] 8/26, 8/30 [twice], 8/31 [twice], 9/7, 9/9, 12/13).
[2] See invoice entries dated in 2004 (3/1, 3/2, 3/4, 3/5, 4/1). Note: The fees for work on Mr. Johnson's testimony and the third-party defendant's motions were also incurred before Mr. Govan filed his Notice of Appeal. While Mr. Govan seeks to exclude all fees incurred before the Notice of Appeal was filed, Mr. Govan acknowledges that the excluded fees should not be double counted against THI when they are deducted from any award.

3

with which THI's counsel is intimately familiar and should not have required such an extraordinary amount of work or research.[3]

Exhibit 11:   THI requests $775.75 in costs for "search charges." There is no showing that these charges are related to the appeal.

Exhibit 12:   THI seeks about $500.00 in costs – mostly for travel and lodging costs to attend oral argument from Cleveland. This includes an expensive night ($267.94) for a hotel. Mr. Govan should not be required to pay for the luxuries required by THI's counsel.

Further, THI seeks up to $3,777.52 for counsel's travel time to and from Cleveland and Cincinnati.[4] THI chose to sue Mr. Govan in Cincinnati, and it also chose to retain counsel in Cleveland. Mr. Govan should not be forced to pay for THI's choices to incur extra expenses associated with the necessary travel.

Moreover, THI seeks $10,000 for counsel's time to prepare for and attend oral argument. Such fees are excessive for the task.

**CONCLUSION**

THI was already awarded $68,808.57 in fees and costs for its work at the trial level. Now THI seeks an additional $54,290.00 for its work purportedly performed defending Mr. Govan's appeal.

The money sought by THI is grossly excessive and should not be granted. THI has not even tried to meet its burden of showing that its rates are reasonable for the

---

[3] Appellate counsel was trial counsel in this case and briefed the same issues in its Motion for Summary Judgment. Further, counsel has argued these exact same issues on appeal as reflected in a number of cases cited by both parties in summary judgment proceedings and on appeal.

[4] See entries dated 11/29/05 and 11/30/05. Counsel's travel time is lopped in with time to actually argue the appeal, which could not have been more than a couple of hours, so the exact charge for travel time is unclear.

4

Cincinnati market. Further, a significant portion of the fees and costs reflected in THI's invoices are not related to the appeal.

Mr. Govan respectfully requests that THI's Motion be denied in the interests of fairness and equity.

| | |
|---|---|
| OF COUNSEL: | Respectfully Submitted |
| WOOD & LAMPING LLP | s/Eric C. Holzapfel<br>Eric C. Holzapfel (0012279)<br>600 Vine St. Suite 2500<br>Cincinnati, Ohio 45202<br>Telephone: (513) 852-6000<br>Fax: (513) 852-6087<br>echolzapfel@woodlamping.com<br>Attorneys for Gopal Govan |

## CERTIFICATE OF SERVICE

I hereby certify that a cop of the foregoing Defendant Gopal Govan's Memorandum In Opposition To Travelodge Hotels, Inc.'s Motion To Supplement Judgment With Attorneys' Fees And Costs Incurred On Appeal has been filed with the Court by electronic means this 13th day of January 2006. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Eric C. Holzapfel<br>
Eric C. Holzapfel<br>
Attorney for Defendant Gopal Govan