UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELODGE HOTELS, INC., | ) | CASE NO. 1:01-CV-00 784 |
| | ) | |
| Plaintiff, | ) | JUDGE WEBER |
| | ) | MAGISTRATE JUDGE TIMOTHY S. BLACK |
| v. | ) | |
| | ) | |
| GOPAL GOVAN, | ) | **REPLY BRIEF IN FURTHER SUPPORT** |
| | ) | **OF TRAVELODGE HOTELS, INC'S** |
| Defendant/Third-Party Plaintiff, | ) | **MOTION TO SUPPLEMENT JUDGMENT** |
| | ) | **WITH ATTORNEYS' FEES AND COSTS** |
| v. | ) | **INCURRED ON APPEAL** |
| | ) | |
| CINCINNATI TRAVELODGE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Plaintiff Travelodge Hotels, Inc. ("THI") submits the following reply to Defendant Gopal Govan's ("Govan") Memorandum in Opposition to Travelodge Hotels, Inc.'s Motion to Supplement Judgment With Attorneys' Fees and Costs Incurred on Appeal ("Govan Opp.").

I. **THE COURT SHOULD SUPPLEMENT THE JUDGMENT WITH THI'S ADDITIONAL ATTORNEYS' FEES AND COSTS.**

   A. **THI Has Provided Sufficient Evidence to Establish That Its Supplemental Attorneys' Fees and Costs are Reasonable and Necessary.**

Govan cites *Enyart v. Columbus Metro. Area Comm. Action Org.*, 115 Ohio App.3d 348, 358 (1996), allegedly for the proposition that the affidavit attached to THI's Motion to Supplement Judgment With Attorneys' Fees and Costs Incurred on Appeal ("Motion to Supplement") is not sufficient to meet THI's burden to prove that its counsels' hourly rates are

CLE - 928798.1

reasonable. *Enyart* does not support Govan's position. First, *Enyart* involved a **statutory** award of attorneys' fees to an employee in an action for wrongful discharge, and, therefore, is not even analogous to the attorneys' fee award in this case—which is based on **contract**. Second, *Enyart* addresses whether it was proper for the magistrate to rule on the plaintiff's motion for attorneys' fees even though there was **no affidavit or testimony** provided to support the reasonableness of the fees. *Id.* at 358. The court of appeals nevertheless found **no error** in the lower court using its own knowledge in reviewing the record to determine the reasonableness and necessity of the services rendered. *Id.* (citation omitted). *Enyart* has no application to this case other than possibly to suggest that the affidavit provided by THI's counsel is **more** than what is required to support the Motion to Supplement. *See id.* at 359.

THI clearly has provided sufficient evidence for the Court to make the supplemental award. THI's lead counsel provided an affidavit along with invoices as evidence of the additional services rendered and costs incurred by THI. Moreover, in making the original award of attorneys' fees in this case, this Court relied on an affidavit from THI's same lead counsel and held that THI was entitled to a fully compensatory fee because "complete victory was obtained by highly talented and experienced attorneys." *See* September 28, 2004 Order, p. 2 (ECF #97) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). The Court also concluded that "THI's counsels' **hourly rates** and the amount of time expended are reasonable, as are the costs incurred." *Id.* (emphasis added).

**B.     THI's Counsels' Hourly Rates Are Reasonable.**

Govan also wrongly suggests that THI's counsel and legal staff charged "increasingly higher rates" because certain invoices reflect different hourly rates for the same counsel. In truth, the reason the hourly rates appear to fluctuate on certain invoices is because the invoices

2

CLE - 928798.1

with lower rates reflect *substantially discounted* rates for instances in which THI's counsel chose not to bill THI for hours believed by its counsel to exceed a reasonable amount of time for the work performed. See Second Affidavit of Steven A. Goldfarb ("Goldfarb Aff."), at ¶3, attached hereto as Exhibit A. When an invoice is discounted, Hahn Loeser and Park's LLP's ("Hahn Loeser") accounting system reflects the discount by making a global reduction of the rates of all timekeepers on that invoice. *Id.* at ¶4. Thus, THI's counsels' hourly rates did not actually "fluctuate," even though THI was charged *lower* hourly rates where invoices were discounted. THI is only seeking to recover the hourly rates actually billed to it, which rates are substantially discounted from regularly charged hourly rates on certain invoices. *Id.* at ¶5.

## II. THE SUPPLEMENTAL AWARD SHOULD INCLUDE ALL FEES AND COSTS INCURRED BY THI THAT WERE NOT INCLUDED IN THE PRIOR AWARD.

THI captioned its Motion to Supplement as seeking supplemental fees and costs "incurred on appeal" because the bulk of the supplemental fees and costs requested were incurred in connection with Govan's unsuccessful appeal. THI nevertheless is entitled to recover *all* costs and expenses incurred in connection with enforcing its rights under the License Agreement based on the contractual provision therein, which this Court has already determined is valid and enforceable. (*See* ECF #65 and ECF #97).

THI's request for a supplemental award of $54,290.00 includes only those fees and costs that were not included in the initial award. Regardless of whether the additional fees and costs were incurred in connection with the appeal or in connection with other parties to this case, as the prevailing party, THI is entitled to a fully compensatory supplemental award.

III.    **CHALLENGES TO SPECIFIC INVOICES.**

Govan also challenges certain charges on three specific invoices. Each is addressed in turn.

A.    **Exhibit 9—Time Spent on Appellate Brief.**

Govan alleges that the amount of fees reflected on Exhibit 9 to THI's Motion to Supplement—incurred during the month THI's appellate brief was filed—is unreasonable. First, the Court should be aware that Exhibit 9 already reflects a significant discount given to THI due to changes in drafting strategy that required duplicative time in certain instances. Second, the amount sought, $25,105.43, is not excessive given the quality—and ultimate success—of the 24-page finished product. *See* Final Appellee Brief, attached hereto as Exhibit B. Third, Govan incorrectly states that his appeal involved only "one narrow issue." Govan Opp., pp. 3-4. While Govan may have presented only one issue for review, he advanced four separate arguments aimed at reversing this Court's ruling on that issue. Moreover, THI's brief addressed appellate procedural issues relating to waiver of Govan's arguments on appeal because they were not raised before this Court. *See* Exhibit B.

Given the complete victory obtained in THI's favor, and the affirmance of this Court's decision in its entirety by the Sixth Circuit, there should be no question that the time billed by THI's counsel as reflected on Exhibit 9 was both reasonable and necessary.

B.    **Exhibit 11—Search Charges.**

THI incurred $775.75 in connection with title searches performed on real property owned by Govan in various states in an effort to collect on THI's judgment against Govan–which has still not been satisfied. Goldfarb Aff., ¶6. Because THI is entitled to recover "*all* costs and expenses . . . to enforce th[e] [License] Agreement...." (*see* License Agreement, Section 17.4 (emphasis added)), it is appropriate to include those charges in the supplemental award.

4

### C. **Exhibit 12—Fees and Costs Relating To Oral Argument.**

THI did not incur excessive fees and costs in connection with its counsel's preparation for and attendance at the oral argument before the Sixth Circuit. THI and its counsel treated Govan's appeal very seriously. An adverse result for THI could have seriously impacted future litigation and THI's business dealings.

THI's counsel spent an appropriate amount of time preparing for the oral argument (including *working* travel time), lodged at a regular business hotel for one evening, and successfully refuted each of Govan's challenges to the propriety of this Court's judgment. THI obtained a complete victory in the Sixth Circuit on important legal issues and should be awarded the full amount of fees and costs incurred in obtaining an exemplary result.

### CONCLUSION

For the foregoing reasons, THI respectfully requests that the Court supplement the judgment in this case with its additional attorneys' fees and costs totaling $54,290.00.

Respectfully submitted,

OF COUNSEL:

HAHN LOESER & PARKS LLP

/s/ Steven A. Goldfarb
Steven A. Goldfarb (0030186)
sagoldfarb@hahnlaw.com
Rose Marie Fiore (0065243)
rmfiore@hahnlaw.com
3300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2301
(216) 274-2347

Attorneys for Plaintiff Travelodge Hotels, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2006, a copy of the foregoing Reply Brief in Further Support of Travelodge Hotels, Inc.'s Motion To Supplement Judgment With Attorneys' Fees and Costs Incurred on Appeal was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven A. Goldfarb
One of the Attorneys for Travelodge Hotels, Inc.