# EXHIBIT B

Case No. 05-3037

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

**TRAVELODGE HOTELS, INC.,**

Plaintiff - Appellee,

v.

**GOPAL GOVAN,**

Defendant - Appellant.


**On Appeal from the United States District Court
for the Southern District of Ohio
Western Division**

---

## FINAL BRIEF OF PLAINTIFF-APPELLEE
## TRAVELODGE HOTELS, INC.

---

**Steven A. Goldfarb (Ohio Bar #0030186)**
**Rose Marie Fiore (Ohio Bar #0065243)**
**HAHN LOESER & PARKS LLP**
**3300 BP Tower**
**200 Public Square**
**Cleveland, Ohio 44114-2301**
**(216) 621-0150**
**Fax: (216) 241-2824**

**Attorneys for Plaintiff-Appellee**
**Travelodge Hotels, Inc.**

CLE - 891887.2

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTERESTS

Pursuant to 6th Cir. R. 26.1, Plaintiff-Appellee Travelodge Hotels, Inc. makes the following disclosure:

1.  Is said party a subsidiary or affiliate of a publicly owned corporation?

    *Yes.*

    If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

    *Travelodge Hotels, Inc. is a wholly owned subsidiary of Cendant Hotel Group, Inc. ("CHG"). CHG is a wholly owned subsidiary of Cendant Finance Holding Company LLC ("CFHC"). CFHC is a wholly owned subsidiary of Cendant Corporation ("Cendant"). Cendant is a publicly traded corporation.*

2.  Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

    *No, other than as identified above.*

Steven A. Goldfarb
Rose Marie Fiore
HAHN LOESER & PARKS LLP

Attorneys for Plaintiff-Appellee
Travelodge Hotels, Inc.

Date  July 6, 2005

i

CLE - 891887.2

# **TABLE OF CONTENTS**

**Page**

DISCLOSURE OF CORPORATE AFFILIATIONS .................................................. i

TABLE OF AUTHORITIES ................................................................. iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT ......................................... vi

JURISDICTIONAL STATEMENT ......................................................... 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ........................... 1

STATEMENT OF THE CASE ............................................................. 1

STATEMENT OF FACTS ................................................................. 3

SUMMARY OF THE ARGUMENT ....................................................... 6

ARGUMENT .............................................................................. 7

I.    GOVAN WAIVED HIS APPELLATE ARGUMENTS BY NOT RAISING
      THEM IN THE DISTRICT COURT. ............................................. 7

II.   GOVAN'S CHALLENGES TO THE LIQUIDATED DAMAGES
      PROVISION FAIL ON THEIR MERITS. ....................................... 12

      A.    This Court Reviews the District Court's Determination of
            Reasonableness for Abuse of Discretion. .......................... 12

      B.    Govan Has Failed to Overcome the Presumption that the
            Liquidated Damages Provision Is Reasonable. ..................... 13

            1.    Govan Has Failed to Overcome the Presumption That the
                  Actual Future Harm to THI Is Difficult to Estimate. ....... 14

            2.    Govan Has Failed to Overcome the Presumption That the
                  Liquidated Damages Provision Represents a Reasonable
                  Forecast of Just Compensation for the Future Harm
                  Caused by His Breach. ........................................ 18

CLE - 891887.2

a.     Govan Submitted No Evidence Refuting that $2,000 Per Room Was a Reasonable Forecast of THI's Future Damages—a Conclusion Also Warranted As a Matter of New Jersey Law. ................. 18

b.     Though Immaterial Here, the Recurring Fee Calculation of Liquidated Damages Under the License Agreement Is Neither Speculative Nor Punitive. ......................................................................... 19

c.     The Award of the Minimum $2,000-Per-Room Amount As Liquidated Damages Is Not a Penalty Merely Because It Is the Greater of Two Alternate Calculations.................................................................. 22

CONCLUSION ................................................................... 24

CROSS-DESIGNATION OF APPENDIX CONTENTS....................................... 25

CERTIFICATE OF SERVICE ............................................................ 26

ADDENDUM OF UNREPORTED CASES ............................................TABS 1-4

iii

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) .................................................................. 13, 14

*D.H.M. Indus., Inc. v. Cent. Port Warehouses, Inc.,*
318 A.2d 20 (N.J. Super. Ct. App. Div. 1973),
*aff'd,* 318 A.2d 19 (N.J. 1974) ...................................................... 9

*Days Inn of Am., Inc. v. Patel,*
88 F. Supp. 2d 928 (C.D. Ill. 2000) .......................................... 14, 15

*Days Inns of Am., Inc. v. VNR, Inc.,*
No. 98-2507 (A.J.L.N.) (D.N.J. Mar. 23, 1999) ............................. 15

*Harvis v. Roadway Express, Inc.,*
923 F.2d 59 (6th Cir. 1991) ......................................................... 11

*Logan v. Dayton Hudson Corp.,*
865 F.2d 789 (6th Cir. 1989) ....................................................... 13

*Mas One Ltd. P'ship v. United States,*
390 F.3d 427 (6th Cir. 2004) ....................................................... 12

*Metlife Capital Fin. Corp. v. Wash. Ave. Assocs. L.P.,*
732 A.2d 493 (N.J. 1999) .............................................. 8, 9, 10, 13

*Ramada Franchise Sys., Inc. v. Hanna Hotel Enters., L.L.C.,*
147 F. Supp. 2d 840 (N.D. Ohio 2001) ......................... 9, 10, 14, 19

*Ramada Franchise Sys., Inc. v. Kassed Hotels, Inc.,*
No. 3:03CV7494 (N.D. Ohio Nov. 24, 2004) ............................. 8, 15

*Ramada Franchise Sys., Inc. v. Polmere Lodging Corp.,*
No. 98-2809 (W.G.B.N.) (D.N.J. July 30, 1999) .......................... 15

*Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.,*
No. 02 C 1941, 2005 WL 435263 (N.D. Ill. Feb. 16, 2005) .................. 15

iv

*Ramada Franchise Sys. v. Motor Inn Inv. Corp.,*
    755 F. Supp. 1570 (S.D. Ga. 1991) ....................................................... 14, 23

*Rittenhouse v. Eisen,*
    404 F.3d 395 (6th Cir. 2005) ........................................................ 13

*River Road Assocs. v. Chesapeake Display & Packaging Co.,*
    104 F. Supp. 2d 418 (D.N.J. 2000) ................................................ 17, 18

*Russ' Kwik Car Wash v. Marathon Petroleum Co.,*
    772 F.2d 214 (6th Cir. 1985) .................................................... 8, 12

*Shree Ganesh, Inc. v. Days Inn Worldwide, Inc.,*
    192 F. Supp. 2d 774 (N.D. Ohio 2002) ................................. 2, 8, 10, 11, 19

*Wassenaar v. Panos,*
    331 N.W.2d 357 (Wis. 1983) ........................................................ 10

*Wasserman's, Inc. v. Township of Middletown,*
    645 A.2d 100 (N.J. 1994) ................................................... *passim*

*Wright v. Holbrook,*
    794 F.2d 1152 (6th Cir. 1986) .................................................. 8, 12

# RULES

Fed. R. Civ. P. 56(e) ..................................................................... 13

6th Cir. R. 26.1 ............................................................................. i

6th Cir. R. 30(b) ......................................................................... 25

# MISCELLANEOUS

22 Am. Jur. 2d *Damages* § 538 (2003) ............................................... 17

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Plaintiff-Appellee Travelodge Hotels, Inc. ("THI") respectfully requests oral argument. This appeal raises important questions of appellate procedure and the enforceability of a liquidated damages clause, under New Jersey law, that has broad implications for THI and the hotel licensing industry generally. Defendant-Appellant Gopal Govan ("Govan") effectively seeks to modify the appropriate standard for the enforceability of such provisions, and THI believes that a full discussion of the issues at oral argument will be of assistance to the Court.

vi

## JURISDICTIONAL STATEMENT

THI concurs with Govan's jurisdictional statement.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.    Whether Govan may assert error in the District Court's grant of summary judgment to THI on grounds that Govan failed to raise in the District Court.

2.    Whether, assuming Govan may raise new arguments on appeal, he can establish an abuse of discretion by the District Court despite his failure to produce any evidence to meet his burden of overcoming the legal presumption of reasonableness that attaches to a liquidated damages provision under New Jersey law.

## STATEMENT OF THE CASE

THI brought suit against Govan in the District Court on November 13, 2001, for, among other things, breach of a license agreement (the "License Agreement") to operate a hotel in Cincinnati, Ohio, using the "Travelodge" trade name and service marks.[1]  (R.1, Complaint and Ex. A [License Agmt.], Apx. pgs. 13-57.) THI moved for summary judgment on April 14, 2003, seeking a determination that Govan had breached the License Agreement and that he was liable for damages, including the agreed-upon liquidated damages to compensate THI for its future

---

[1] Govan also asserted counterclaims against THI and a third-party claim against Cincinnati Travelodge, Inc.  (R.4, Answer at 8-14, Apx. pgs. 102-108.)  All of these other claims have been resolved (R.98, Order Terminating Case, Apx. pg. 93), and none of them is material to the discrete issue Govan now raises on appeal.

1

losses. (R.31, THI's Motion for Summary Judgment, Apx. pg. 133.) THI sought liquidated damages according to the formula set forth in the License Agreement, as described in more detail below. (R.1, Ex. A to Complaint [License Agmt.] § 12.1, Apx. pgs. 41-42.)

In opposing summary judgment, Govan raised only one basis for challenging the award of liquidated damages. Govan urged that such an award would amount to an unenforceable penalty, because the License Agreement stipulated a minimum liquidated damages calculation that, in his case, was higher than an alternative calculation tied to twenty-four months of his average monthly licensing payments. Govan claimed that the relatively small disparity between the two calculations was sufficient to overcome the legal presumption that the liquidated damages provision was enforceable. (*See generally* R.36, Govan's Summary Judgment Opp., Apx. pgs. 169-193) (relying exclusively on *Shree Ganesh, Inc. v. Days Inn Worldwide, Inc.*, 192 F. Supp. 2d 774 (N.D. Ohio 2002)). Importantly, however, Govan did not raise in the District Court any of the challenges to the enforceability of the liquidated damages provision that he has raised in this Court on appeal.

The District Court on January 8, 2004, granted summary judgment in favor of THI and against Govan. (R.65, Summary Judgment Order, Apx. pgs. 67-92.) The District Court determined that Govan had materially breached the License

2

Agreement[2] and awarded THI compensatory damages, including $142,000 in future damages according to the liquidated damages provision of the License Agreement.[3] (*See generally id.*)  The District Court specifically rejected Govan's argument that the liquidated damages provision was unenforceable.  (*See id.* at 20-21, Apx. pgs. 86-87.)    The remaining claims in the case were resolved on September 28, 2004, in proceedings unrelated to this appeal.  (R.97, Order, Apx. pgs. 243-245; *see also* R.98, Order Terminating Case, Apx. pg. 93.)

Govan filed his notice of appeal to this Court on October 28, 2004 (R.99, Notice of Appeal, Apx. pg. 94) and has challenged only that aspect of the District Court's summary judgment order that awards THI liquidated damages under the License Agreement.

## STATEMENT OF FACTS

THI operates a lodging-facility franchise system and has the exclusive right to sublicense the use of various "Travelodge" trade names and service marks.

---

[2]  Govan materially breached the License Agreement by failing timely to pay certain monthly payments due to THI and by failing to operate the hotel in compliance with THI's quality-assurance standards.    (*See* R.65, Summary Judgment Order at 18, Apx. pg. 84.)

[3]  The District Court's summary judgment order also resolved other claims between THI and Govan and awarded THI $72,231.57 in past compensatory damages.  (*See* R.65, Order, Apx. pgs. 67-92.)  The District Court later awarded THI $69,808.57 in attorneys' fees and $3,144.03 in damages on a trademark-infringement claim. (*See* R.97, Order, Apx. pgs. 243-245.)    None of these other District Court proceedings is germane to this appeal.  (*See* Brief of Appellant at 4 ("Only the $142,000 in liquidated damages is subject to this appeal.").)

3

(R.1, Complaint ¶¶ 4-5, Apx. pg. 14.)  Govan is an educated and sophisticated businessperson who has entered into franchise agreements for at least four other hotels, including two Days Inns, a Super 8, and a Best Western.  (R. 65, Summary Judgment Order at 4, Apx. pg. 70.)  On March 8, 2000, Govan entered into the License Agreement with THI to operate a seventy-one-room Cincinnati hotel (the "Hotel") under the "Travelodge" name for a fifteen-year term.  (R.1, Ex. A to Complaint [License Agmt.], Apx. pgs. 29-57.)

The License Agreement required Govan to pay certain "Recurring Fees," which were based upon a percentage of the Hotel's monthly "Gross Room Revenues." (*Id.* § 7.1, Apx. pg. 36.)  The License Agreement also required Govan to operate the Hotel in compliance with THI's "Systems Standards," including THI's quality assurance requirements.  (*Id.* § 3, Apx. pgs. 30-33.)  Govan does not challenge on appeal the District Court's findings that he breached these obligations within two years of entering into the License Agreement and that THI rightfully terminated the License Agreement as a result of Govan's default.  Govan also does not challenge the award of past damages to THI or THI's right to recover future damages.  Instead, his appeal is premised exclusively on the District Court's enforcement of a liquidated damages provision in the contract as a means of compensating THI for its future losses over the remaining thirteen years of the License Agreement term. (*See* Brief of Appellant at 3.)

4

The summary judgment record before the District Court substantiated THI's assertion that its future Recurring Fees are "extremely difficult to predict." (R.31, Ex. 3 to THI's Motion for Summary Judgment [Darby Aff., ¶ 9], Apx. pg. 164.) "Given the nature of the transient lodging business, gross room revenues at any given hotel can drastically fluctuate from month to month depending on factors such as national, regional and local economy, the travel pattern of vacationers, the entry or withdrawal of competitors from the market, and the effort, skill and resources of the licensee." (*Id.*)  Govan himself acknowledged as much by agreeing that "Liquidated Damages," as used in the License Agreement, are "the amounts payable under Section 12, set by the parties because ***the actual damages will be difficult or impossible to ascertain*** on the Effective Date[,] and the amount is a ***reasonable pre-estimate of the damages that will be incurred and is not a penalty***." (R.1, Ex. A. to Complaint [License Agmt.] at 24, Apx. pg. 52 (emphasis added).)

The precise formulae for calculating Liquidated Damages are set forth in Section 12.1 of the License Agreement:

> If [THI] terminate[s] the License under Section 11.2 . . . [Govan] will pay [THI] within 30 days following the date of termination, as Liquidated Damages, an amount equal to the sum of accrued [Recurring] Fees during the immediately preceding 24 full calendar months . . . .  If the Facility has been open for fewer than 24 months, then the amount shall be the average monthly [Recurring] Fees since the Opening Date multiplied by 24. . . .

5

Liquidated Damages will not be less than the product of $2,000.00 multiplied by the number of guest rooms in the Facility. . . . Liquidated Damages are paid in place of [THI's] claims for lost future Recurring Fees under this Agreement.

(*Id.* § 12.1, Apx. pgs. 41-42.)   Thus, since the Hotel was open for fewer than twenty-four months, Govan agreed to pay Liquidated Damages, in the event of his default, equal to the greater of:  (a) twenty-four months of his average Recurring Fees (a calculation that Govan claims yielded $108,336 in this case), or (b) $2,000 times his seventy-one hotel rooms (which equaled $142,000 in this case).[4]   The District Court determined that this provision was enforceable under applicable New Jersey law and awarded THI liquidated damages in the amount of $142,000.

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's award of $142,000 in liquidated damages, for two independent reasons.

First, Govan's arguments on appeal were not presented to the District Court in the first instance.  Instead, Govan urged below only one argument to defeat an award of liquidated damages—that the small disparity between the two different formulae itself established that the Liquidated Damages provision of the License

---

[4] Contrary to Govan's characterization of the twenty-four months of Recurring Fees as the "primary calculation method" and the $2,000-per-room calculation as the "alternative calculation method" (*see* Brief of Appellant at 11), it is clear from the terms of the Liquidated Damages clause that the latter represents the minimum amount of Liquidated Damages; Liquidated Damages are calculated based on the Recurring Fees only if that calculation yields the higher number.

Agreement was an unenforceable penalty. Govan abandons that argument on appeal and substitutes new arguments the District Court had no opportunity to address. But having failed to raise in the District Court the arguments asserted now, Govan has waived them.

Second, even if this Court entertains Govan's new appellate arguments, he can show no error in the award of Liquidated Damages in this case. Govan points to no evidence in the record to overcome the legal presumption that the Liquidated Damages provision is reasonable; the only evidence in the record establishes precisely the opposite—that THI's actual future damages were not easily estimable and that the Liquidated Damages provision was a reasonable forecast of THI's anticipated future losses. Govan thus failed to meet both his procedural burden on summary judgment and his substantive burden of overcoming the presumption of validity that attaches to liquidated damages provisions under the applicable law, and the District Court therefore did not abuse its discretion in determining that the Liquidated Damages provision was reasonable.

## ARGUMENT

### I.    GOVAN WAIVED HIS APPELLATE ARGUMENTS BY NOT RAISING THEM IN THE DISTRICT COURT.

Though none of Govan's arguments on appeal has merit, the Court as a threshold matter should decline to consider them, because Govan failed to assert them below. Instead, Govan's argument in the District Court was premised

CLE - 891887.2

entirely on the aberrant decision in *Shree Ganesh*, relating to an alleged disparity between the two methods for calculating Liquidated Damages under the License Agreement.[5]  Govan now abandons his *Shree Ganesh*/disparity theory on appeal, in favor of new arguments that he never raised in the District Court.  But the Court should not consider Govan's "'new theories or . . . new issues,'" because Govan improperly raises them for the first time on appeal, and they therefore fail to support a "'reversal of the lower court's' grant of summary judgment." *See Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) (citation omitted); *see also Russ' Kwik Car Wash v. Marathon Petroleum Co.*, 772 F.2d 214, 217 (6th Cir. 1985) (same).

By way of background, New Jersey law[6] holds that "liquidated damages provisions in a commercial contract between sophisticated parties are ***presumptively reasonable*** and the party challenging the clause bears the burden of proving its unreasonableness." *Metlife Capital Fin. Corp. v. Wash. Ave. Assocs.*

---

[5] Though *Shree Ganesh* involved an identical liquidated damages provision, the district court in that case improperly compared the $2,000-per-room calculation ($206,000) to the twenty-four months of Recurring Fees calculation ($41,000), rather than to a "reasonable forecast" of actual future damages as required under New Jersey law.  Moreover, the same district court judge has since enforced an identical liquidated damages provision.  *See Ramada Franchise Sys., Inc. v. Kassed Hotels, Inc.*, No. 3:03CV7494, at 9-11 (N.D. Ohio Nov. 24, 2004).

[6] The parties agreed in the License Agreement that New Jersey law would apply. (R.1, Ex. A to Complaint [License Agmt.] § 17.5, Apx. pg. 46.)

8

*L.P.*, 732 A.2d 493, 499 (N.J. 1999) (emphasis added).    Liquidated damage provisions provide a "useful and efficient remedy" and are consistent with the principals of "judicial economy and freedom of contract." *Wasserman's, Inc. v. Township of Middletown*, 645 A.2d 100, 108 (N.J. 1994) (citations omitted); *see also D.H.M. Indus., Inc. v. Cent. Port Warehouses, Inc.*, 318 A.2d 20, 23 (N.J. Super. Ct. App. Div. 1973), *aff'd*, 318 A.2d 19 (N.J. 1974).    In *Wasserman's*, the court noted that commercial parties "often negotiate stipulated damages clauses to avoid the cost and uncertainty of litigation." 645 A.2d at 108.    The court found that "[s]uch parties can be better situated than courts to provide a fair and efficient remedy." *Id.*    Thus, "courts frequently need ask no more than whether the clause is reasonable." *Id.*

In order to defeat the Liquidated Damages provision here, Govan at a minimum had the burden of refuting either of two presumptions:   (a) that the amount of THI's future damages was "incapable or very difficult of accurate estimate," or (b) that the agreed-upon Liquidated Damages represented "a reasonable forecast of just compensation for the harm that is caused by the

9