United States District Court
Southern District of Ohio
Western Division

TRAVELODGE HOTELS INC.,            Case No. 1:01-cv-784

    Plaintiff                                Magistrate Judge Timothy S. Black

    vs.

GOPAL GOVAN,

    Defendant/Third-Party Plaintiff

    vs.

CINCINNATI TRAVELODGE,

    Third-Party Defendant

## ORDER

On January 8, 2004, Plaintiff Travelodge Hotels, Inc.'s ("THI") motion for summary judgment was granted against Defendant Gopal Govan ("Govan"), and THI was awarded damages in the amount of $214,231.57. (*See* Doc. 65). The Court also found that THI was entitled to recover reasonable attorneys' fees and costs pursuant to the License Agreement between THI and Govan. *Id*. The Court subsequently awarded attorneys' fees in the amount of $64,645.00 and costs in the amount of $4,163.57. (Doc. 97.)

Govan appealed this Court's ruling relating to liquidated damages to the United States Court of Appeals for the Sixth Circuit. On December 15, 2005, the Sixth Circuit affirmed this Court's judgment in favor of THI. As the prevailing party on appeal, THI is

seeking to recover additional attorneys' fees and expenses incurred in successfully defending against Govan's appeal.

Now before the Court is THI's motion to supplement judgment with attorneys fees and costs totaling $54,290.00, incurred on appeal (doc. 103); Govan's memorandum *contra* (doc. 104); and THI's reply memorandum (doc. 108).

## I.

THI, as the prevailing party in this case, is entitled to recover reasonable attorneys fees pursuant to the parties' contract and the Court's Order.  *See* Doc. 65 at p. 22.  Accordingly, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Thereafter, discretionary adjustments up or down, may be made based on, *inter alia*, the results obtained, and the experience, reputations and ability of the attorneys.  *Id.*  Herein, complete victory was obtained by highly talented and experienced attorneys.  Moreover, where a party has achieved excellent results, as herein, its attorneys should normally receive a fully compensatory fee.  *Id.* at 435.

## II.

Here, plaintiff argues that: (1) THI's counsels' hourly rates are unreasonable, (2) THI seeks fees and costs not incurred on appeal; and (3) THI seeks inappropriate charges that are unreasonable. Plaintiff's assertions are unavailing.

Upon careful review, the Court finds on the evidence that THI's counsels' hourly

rates and the amount of time expended are reasonable.  Furthermore, THI is entitled to recover all costs and expenses incurred in connection with enforcing its rights under the Licence Agreement based on the contractual provisions therein.  (*See* Docs. 65, 97.)  As noted by THI, its request for a supplemental award of fees and costs in the amount of $54,290.00 includes only those fees and costs that were not included in the initial award.

### III.

Accordingly, it is herein **ORDERED** that THI's motion for supplemental fees is **GRANTED**, and THI is **AWARDED** additional fees and costs of $54,290.00 from Govan incurred on appeal and in connection with enforcing its rights under the License Agreement.


Date: October 24, 2007                                            s/Timothy S. Black
                                                                  Timothy S. Black
                                                                  United States Magistrate Judge